Dewey, J.
This was an action of debt by Cay against George M. Marshall, John Taylor, John Moore, and Alfred M. MoGriff. The declaration sets out a promissory note, alleged *160 to have been made by Marshall, in the name of G. M. Marshall, and by the other defendants in the names of Taylor, Moore, and MoGriff. “Not found” was suggested as to Marshall. Taylor, Moore, and MoGriff pleaded nil debent, verified by the affidavit of Moore. Verdict and judgment for. the plaintiff. On the trial, the plaintiff’ produced the note described in the declaration, and proved that Taylor, Moore, and MoGriff were, at the date of the note, partners, under the style and firm of Taylor, Moore, and MoGriff; and he also proved their signatures in the name of the firm. There was no proof of the execution of the note by Marshall. The defendants objected to the note going to the jury, but the objection was overruled, and the note* read in evidence. A motion for a new trial was overruled.
The plaintiffs in error contend, that the judgment of the Circuit Court is erroneous on two grounds. First, that the action could not be maintained without proof that the note was executed by Marshall; and, secondly, that it was necessary to prove an actual delivery of the note by the makers.
At common law, in a joint action of assumpsit or debt on simple contract, it is necessary, under the general issue by any one of the defendants, for the plaintiff to prove the making of the contract by all the defendants, though some of them may have pleaded in confession and avoidance, been outlawed, oi suffered judgment by default. Gray et al. v. Palmers et al., 1 Esp., 135; Sangster v. Mazarredo et al., 1 Stark. C., 161; Stark. Ev., part 4, 230; Chitt. on Bills, 618; Bayley on Bills, 227. This doctrine is the necessary consequence of the rule, that the general issue, in assumpsit or debt on simple contract is a traverse of every material part of the declaration. But by a statute of this State, the plea of non est factum, and all pleading denying the *execution of any written instrument specially set out as the foundation oi defense of an action, are required to be supported by oath oi affirmation. R. Stat., 1838, p. 449. The object of this provision is manifest. It is to save a party the delay and trouble, consequent uoon his being obliged to prove the-execution of a *161 written contract, when it can not with propriety be denied. This Court has heretofore decided, that, under a similar statute, the general issue under oath threw on the plaintiff the necessity of proving the execution of a note made by the defendant who pleaded the plea; but'that the plea without the oath would not require such proof. Bates et al v. Hunt, 1 Blackf., 67.
R. A. Lockwood, for the plaintiffs.
A. Ingram and J. L. Scott, for the defendant.
It still, however, remains to be settled, what is to be the operation of the general issue verified by oath when it is pleaded by a part only of the defendants in a joint action? Is it to question the signature of those only who so plead, or is it, like the general issue at common law, to require proof of the execution of the contract by all the defendants ? Keeping in view the object of the statute, we think its true construction is, that the plaintiff, in a joint action against several defendants on a simple contract in writing, a part only of whom plead the general issue on oath, is bound to prove the execution of the contract by those only so pleading, and that as to those who fail to plead, its execution is admitted. There was, therefore, no error in permitting the note, which was the foundation of this action, to go to the jury without proof of the signature of Marshall.
The other objection urged by the plaintiffs in error is also without foundation. Simple contracts in writing are established by the production of them by the plaintiff, or accounting for their absence, and by proving the signature of the defendant by a subscribing witness if there be one, and if not, by proof of his handwriting. The ceremony of delivery does not attach to this kind of contract as it does to specialties. Stark. Ev., part 4, 75; Chitt. on Cont., 2 ed., 3, 4.
Per Curiam.—The judgment is affirmed with costs.