Nov. Term,<br>
1860.<br><br>
STOWE<br>
v.<br>
WEIR.

15    341<br>
167   590<br>
167   596

---

## STOWE v. WEIR.

Suit by an assignee, upon a promissory note alleged to have been indorsed to him by the payee. Answer: that the note was given for the price of land, and that a part of the consideration thereof was the delivery of the possession of said land by the vendor, which he has refused to do, and has brought suit to annul the contract.

*Held*, that the answer was bad for not averring that the suit to annul the contract for the sale of the land was instituted before the suit upon the note, or that in the former suit there was any effort to affect the payment of the note.

*Held*, also, that the averment in the complaint of an indorsement of the note to the plaintiff, should have been sustained by proof of a *written* indorsement, the assignor not being made a defendant.

APPEAL from the *Grant* Common Pleas.

HANNA, J.—Suit on note. Answer: that the same was given to one *Mary Daum* for a part of the consideration of certain lands purchased of *Henry Daum*, husband of said

*Thursday,<br>
December* 13.

*Mary*, a large part of said consideration being paid; that as a part of said consideration, &c., said lands were to be delivered into the possession of said defendant; that said *Daum* refuses, &c. to deliver said possession, and has instituted a suit that is still pending, to annul the said contract of sale, on the ground that said transfer was and is a mortgage only, although absolute on the face of the deed, &c.

A demurrer was sustained to the answer; and the defendant refusing to answer further, the Court proceeded to *try* the case, and permitted the defendant to take a bill of exceptions embodying the evidence.

The first question is made on the ruling on the demurrer; and the second as to the sufficiency of the evidence.

The demurrer was properly sustained. The answer does not aver that the suit to annul the contract had been instituted previously to that upon the note; nor that, in the former, there was any effort being made to affect the payment of the note.

The evidence was not sufficient to sustain the finding. There was no proof of the assignment, or rather indorsement, of the note to the plaintiff.

The averment in the complaint should have been sustained by proof of a written indorsement, as the term used indicates that mode of transfer of title to the plaintiff.

A party can not be permitted to rely upon a mere possession to establish title to a promissory note, while his pleadings aver a transfer in writing, and while the statute remains as it is, requiring the assignor to be made a party when the assignment is by delivery only, and such party has not been included.

*Per Curiam.* — The judgment is reversed, with costs. Cause remanded, &c.

*A. Steele* and *H. D. Thompson*, for appellant.

*Isaac Van Devanter* and *J. F. McDowell*, for appellee.