Rhyan, Adm'r, *et al. v.* Dunnigan.

No. 8001.

RHYAN, ADMINISTRATOR, ET AL. *v.* DUNNIGAN.

PROMISSORY NOTE.—*Practice.—Parties.—Payee.—Assignor.*—The payee named in a promissory note, who did not accept it, is not an assignor, and is not a necessary party defendant to an action by the actual payee of the note, under section 6, 2 R. S. 1876, p. 35.

SAME.—A complaint on a promissory note, alleging that it was drawn and signed for the purpose of being delivered to the payee, but, he not having accepted it, the makers delivered it to the plaintiff, and accepted his money therefor, shows facts equivalent to an averment that they made their note to him, by the name of the payee.

BILL OF EXCEPTIONS.—*Practice.—Exceptions,when Taken.*—After the term at which exceptions were taken, under section 343, 2 R. S. 1876, p. 176, it was too late for the court to extend the time for filing a bill of exceptions. Time could not be given at a subsequent term in rendering judgment on the verdict.

From the Vigo Circuit Court.

Rhyan, Adm'r, *et al. v.* Dunnigan.

*J. N. Pierce*, for appellants.
*C. F. McNutt* and *S. C. Stimson*, for appellee.

WOODS, J.—The appellee filed in the court below his complaint against John Rhyan, Franklin Rhyan and William H. Doss, alleging that, on the 1st day of July, 1876, the defendants made their promissory note for $225, payable to the order of Scott Humble ninety days after date, a copy of which is made a part of the complaint; that the defendant Doss presented said note to said Humble, who refused to accept it, and on the 2d day of July, 1876, said Doss, with the consent of his co-defendants, delivered the note to the plaintiff, who accepted the same, and paid to said Doss the sum of $220, in consideration of the note being delivered to him as his note; that said note is due and unpaid. Wherefore, etc.

To this complaint the defendants Rhyans demurred, for want of facts, and for the reason that Scott Humble, the payee named, was not made a defendant to answer as to his interest in the note, and, the demurrer having been overruled, saved an exception.

Said defendants then answered by a general denial, and by a plea of no consideration, and the issues so joined were submitted for trial to a jury, which returned a verdict for the appellee. The said defendants saved, also, an exception to the overruling of their motion for a new trial, and have brought this appeal from the judgment rendered upon the verdict. The defendant Doss was not served with process, and did not appear. He is, therefore, not a party to the appeal. John Rhyan having died, the name of his administrator, John Rhyan, Sr., has been substituted in the record.

Counsel for the appellants contends, under the ruling upon the demurrer which is assigned as error, that a note not payable in bank, can not be delivered by the maker to a

party other than the payee named in the note, so as to become a cause of action in the hands of such party, and cites *Elliott* v. *Armstrong*, 2 Blackf. 198 ; *Ketcham* v. *The New Albany, etc., R. R. Co.*, 7 Ind. 391, and *Prather* v. *Zulauf*, 38 Ind. 155. But we do not perceive that these cases support the proposition announced. They show that delivery is essential to the execution of a promissory note, but not that an effectual delivery may not be made to a person other than the nominal payee, to whose order the note is by its terms payable. It is a familiar doctrine, that the parties to such instruments may be designated by other names than their own, and the. paper be in all respects valid and binding. This case comes substantially within that doctrine. The note was drawn and signed for the purpose of being delivered to Scott Humble, but he not having accepted it, the makers delivered it to the appellee and accepted his money therefor. The complaint shows these facts, which is equivalent to an averment that the defendants made the note to the appellee by the name of Scott Humble. Even before the adoption of the code, it was the law that, "if a promise be made to a person by a wrong name, the promisee may sue upon that promise in his right name, and aver himself to be the person intended. And a plaintiff suing upon a promissory note, which purports to be payable to a person of a different name, may show by evidence that he was the person intended." *Leaphardt* v. *Sloan*, 5 Blackf. 278 ; *McKinney* v. *Harter*, 7 Blackf. 385.

Upon this view of the case, it is clear that there was no defect of parties. Humble never having held the note nor assigned it by delivery or otherwise, the 6th section of the code, which requires that the assignor, who has not indorsed, be made defendant, does not apply.

The appellant has also assigned error upon the overruling of his motion for a new trial, but the questions sought to be presented under this head depend upon bills of exception

which are not properly in the record. The trial was had, verdict rendered, and the motion for a new trial filed and overruled, at the September term, 1878, of the Vigo Circuit Court, but no time was at that term asked or allowed for the filing of bills of exception. On the 10th of May, 1879, the court rendered judgment on the verdict, and gave thirty days to the defendants to file their bills of exception. After the term at which the exceptions sought to be saved were taken, it was too late for the court to extend time for filing bills of exception. Civil Code, sec. 343 ; *Sohn* v. *The Marion, etc., G. R. Co.*, 73 Ind. 77 ; *Martin* v. *Martin*, 74 Ind. 207 ; see Civil Code, 1881, sec. 402–408.

The judgment is affirmed, with costs.