Stayner *v.* Joyce.

No. 13,685.

## STAYNER *v.* JOYCE.

EVIDENCE.—*Promissory Note.*—*Alterations.*—A promissory note is admissible in evidence, after proof of the genuineness of the signature, without evidence being first introduced in explanation of alterations appearing on its face.

SAME.— *Witness.*—*Impeachment.*—*Testimony on Former Trial.*—*Stenographer's Report of.*—The stenographer's long-hand report of the testimony given by a witness on a former trial of a cause is not competent evidence to contradict or impeach such witness; but, if the proper foundation is laid, the stenographer may testify as to statements made by the witness on the former trial.

INSTRUCTIONS TO JURY.—*Special Verdict.*—Where a special verdict has been requested, it is not error to refuse to give a general instruction as to the law of the case.

ARGUMENT OF COUNSEL.—*Right to Open and Close.*—In an action upon a promissory note the plaintiff is entitled to open and close the argument, where the issue is joined by a general denial of the complaint.

From the Allen Superior Court.

*F. S. Roby* and *J. M. Somers,* for appellant.

*J. A. Woodhull* and *W. M. Brown,* for appellee.

OLDS, J.—This is an action on a promissory note. The appellant, the defendant below, answered, denying the execution of the note under oath. There was a trial, resulting in a verdict and judgment for appellee against the appellant for the amount of the note.

Appellant filed a motion for a new trial, which was overruled, and exceptions, and numerous errors are assigned.

The first alleged error discussed is the admission of the note sued on in evidence before the introduction of evidence explaining the alterations appearing upon its face. The word " day " in the note was crossed out, and the word " year " written above it ; also the words " after maturity " were crossed out, making the note sued upon a note payable

one year after date, bearing interest from date, instead of a note payable one day after date, with interest after maturity. Upon proof being made of the genuineness of the signature to the note, the court permitted its introduction in evidence over the defendant's objection. This ruling of the court is correct, and is in harmony with the rule laid down in Greenleaf and the decisions of this court. 1 Greenleaf Evidence, section 564; *Stoner* v. *Ellis*, 6 Ind. 152; *Brooks* v. *Allen*, 62 Ind. 401; *Pate* v. *First Nat'l Bank of Aurora*, 63 Ind. 254.

The next alleged error discussed is the refusal of the court to give to the jury instruction number one requested by appellant. There was a request for a special verdict, and a special verdict was returned. It was the duty of the court to instruct the jury as to the nature of the action and the issues, and as to the form of their verdict, but general instructions as to the law of the case were improper.

The instruction asked for by the appellant, and refused by the court, was a general instruction as to the law of the case relating to the issues joined by the plea of *non est factum*, and was therefore properly refused by the court. It was the duty of the jury to find the facts relating to the signing, execution, and alteration of the note, leaving it for the court to determine the rights and liabilities of the parties from such facts. *Toler* v. *Keiher*, 81 Ind. 383; *Woollen* v. *Wire*, 110 Ind. 251; *Louisville, etc., R. W. Co.* v. *Frawley*, 110 Ind. 18; *Indianapolis, etc., R. W. Co.* v. *Bush*, 101 Ind. 582.

It is stated by counsel that the court gave no instructions to the jury, but no question is presented relating to such neglect of duty by the court.

Counsel have also assigned as error, and urge as a reason for a new trial, that the court erred in refusing to allow the appellant to open and close the argument of the case. This we think can not be seriously contended for, in view of the fact that an issue was joined by a general denial of the complaint, putting in issue the execution of the note sued on, and which was the main issue submitted for trial.

Stayner *v.* Joyce.

The last error assigned and discussed is as to the introduction of evidence. Upon a former trial of this cause, Mr. Logan, a stenographer, took the evidence of William P. Stayner, and upon this trial of the case Mr. Logan was sworn as a witness, and testified to having taken the evidence of Stayner in short-hand on the former trial, and that he had transcribed it into long-hand, and thereupon appellant then offered such long-hand report of Stayner's testimony on the former trial in evidence.

It is not made to appear that such evidence was at all competent. It would be competent to prove by the stenographer that a witness had testified to statements on a former trial contradicting statements testified to at a subsequent one, but it would be necessary to lay the foundation for such contradictory evidence by calling the attention of the witness to his former statements, and asking him as to his having made such statements. If the witness denied having made the statements, then it would be proper to prove that he did make the statements inquired about; but in this case no such foundation was laid for contradicting the witness, and even if there had been, the long-hand notes of his testimony as transcribed by the stenographer would not be competent evidence to contradict or impeach the witness.

We find no error in the record for which the judgment should be reversed.

Judgment affirmed, with costs.

Filed Sept. 20, 1889.