Green *et al. v.* Beckner.

Filed *Nov.* 11, 1891.

---

No. 296.

## GREEN ET AL. *v.* BECKNER.

PROMISSORY NOTE.—*Non Est Factum.—Alteration.—Presumption as to when Made.*—Where an instrument is altered after its execution, it will be presumed, until the contrary is shown, that the alteration was made by the person claiming under it, or by the person under whom he claims; and the burden of removing or overcoming that presumption is upon the holder.

SAME —*Spoliation by Obligor.—Right of Obligee Thereunder.*—If a written instrument, while in the possession of the obligee, without such obligee's consent, and against his remonstrance, is taken from him by the obligor and changed, it is a mere spoliation, and does not affect his right to sue and recover thereon.

SAME.—Where the party suing on a note is in possession thereof, on proof of the genuineness of the obligor's signature to it, it may be admitted in evidence, although a *non est factum* has been plead.

NEW TRIAL —*Newly-Discovered Impeaching Evidence.*—A new trial will not be granted on newly-discovered evidence to impeach or contradict evidence given at the trial.

From the Rush Circuit Court.

*D. S. Morgan* and *D. Morris,* for appellants.

*B. L. Smith* and *C. Cambern,* for appellee.

NEW, C. J.—This was an action by the appellee against William T. Spralding and the appellants, upon a promissory note executed by said Spralding and the appellants to the appellee.

Spralding was defaulted. The appellants answered jointly in two paragraphs; a general denial, and a verified plea of *non est factum.*

Trial by the court, with judgment for the appellee for $104.00 against Spralding upon his default, and against the appellants upon the issues tendered by them.

The appellants assign as error the overruling by the court of a motion by them made for a new trial.

The first, second, and third reasons for a new trial, set out in the motion, are:

That the finding of the court is contrary to law, contrary to the evidence, and not sustained by sufficient evidence.

The note sued on was for $100, dated January 23, 1889, due September 1, 1889, and, as shown by the finding of the court, was assigned by Spralding, as principal, and by the appellants as his sureties. That note, and another, were given in the purchase of a stock of hardware sold by the appellee to Spralding.

It is shown by the evidence that on the 23d day of January, 1889, the day the notes were signed by Spralding and the appellants, the former handed them to the appellee, who was then in feeble health at the latter's residence. The appellee complained that the notes were silent as to interest, and read: " I promise to pay," instead of " We promise to pay." There was then some talk between Spralding and the appellee about other notes being given, or those notes changed in the particulars complained of, with the consent of the appellants. The appellee, however, refused to give up the notes, and the day passed with the situation unchanged. On the following day the matter of interest was satisfactorily arranged by Spralding turning over to the appellee certain personal property.

At this point begins the only serious conflict in the evidence.

The appellee swears that after the adjustment of the matter of interest there was some further conversation between him

and Spralding about the use of the word " I " instead of the word "we " in the notes, but he testifies that he said to Spralding that that would make no difference ; but that the latter thereafter took said notes from the appellee's table, where said notes then were, and wrote in them the word "we" in place of the word " I," the appellee at the time vigorously objecting and protesting against any writing or marking being done by Spralding on the notes. This statement by the appellee is fully corroborated by two other persons, who swear that they were present and saw and heard what took place. Spralding does not deny being at the appellee's house when the interest was arranged, but denies that he made any alteration in the notes.

It clearly appears from the evidence, in the record before us, that the notes, as originally written and signed, were delivered by Spralding, the principal, to the appellee, before the alteration was made of which the appellants complain.

We think the evidence tends strongly to show that the notes were executed, in a legal sense, before the alterations were made. It is true, that when the notes were received by the appellee he made the complaint, or criticisms, already referred to, but the question of interest was satisfactorily settled, and the appellee, if his testimony is to be credited, waived the other objection.

If, after that, while the notes were in the possession of the appellee, Spralding, without the consent and against the remonstrance of the appellee, got hold of the notes and made the change, it was, in our opinion, a mere spoliation of the notes, as much so, in its legal aspects, as if done by a stranger, and could not affect the appellee's right to recover upon the notes sued on as they existed before such spoliation. *Bucklen* v. *Huff,* 53 Ind. 474 ; *Eckert* v. *Louis,* 84 Ind. 99 ; *John* v. *Hatfield,* 84 Ind. 75 ; *Ballard* v. *Franklin Life Ins. Co.,* 81 Ind. 239 ; 1 Greenl. Evidence, section 566 ; 2 Daniel Negotiable Instr., section 1373.

We agree with counsel for the appellants that, where an in-

strument is altered after its execution, it will be presumed, until the contrary is shown, that the alteration was made by the party claiming under it, or by the party under whom he claims, and that the burden of removing or overcoming that presumption would rest upon the holder.   But it was for the court below, in the trial of the cause, to hear and weigh the evidence in the light of the rule as stated ; and where, in this, and all other points material to a recovery, there is evidence tending to sustain the finding, the judgment of the trial court will not be disturbed.

What we have now said disposes of the first, second, and third grounds assigned for a new trial.,

The fourth ground is that of newly-discovered evidence. The evidence alleged to have been discovered since the trial is solely of the character to contradict and impeach the testimony of witnesses in the trial already had.   A new trial will not be granted for the admission of newly-discovered evidence to contradict or impeach evidence given on a former trial.   *Morel* v. *State*, 89 Ind. 275 ; *Marshall* v. *Mathers*, 103 Ind. 458 ; *Pennsylvania Co.* v. *Nations*, 111 Ind. 203 ; *Brown* v. *Grove*, 116 Ind. 84.

Neither do we think it is sufficiently shown by the appellants that they used reasonable diligence to discover and produce, upon the trial, said evidence.   See *Ward* v. *Voris*, 117 Ind. 368 ; *Keisling* v. *Readle*, 1 Ind. App. 240.

The fifth, and last, reason, assigned for a new trial, is that the court erred in admitting in evidence the note sued on before proof of its execution.

The appellee was in possession of the note, and proof had been made of the genuineness of the signatures of the appellants to the same before it was admitted in evidence.   This was sufficient to authorize its introduction.   *Brooks* v. *Allen*, 62 Ind. 401 ; *Kusler* v. *Crofoot*, 78 Ind. 597 ; *Stayner* v. *Joyce*, 120 Ind. 99.

The judgment is affirmed, with costs.

Filed Nov. 10, 1891.