Filed Sept. 26, 1893.

———————◆———————

No. 935.

Smith v. Walker.

PROMISSORY NOTE.—*Mutual Mistake in Inserting Name of Payee.—Action on.—Necessary Parties.*—In an action on a promissory note, where it is alleged that, by mutual mistake of the maker and payee, the wrong name was inserted in the note for the payee, and where it does not appear that the payee named in the note ever had any interest therein, it is unnecessary to make such named payee a party to the proceeding.

BILL OF EXCEPTIONS.—*When in the Record.—Presentation.—Filing.*—Where a motion for a new trial was overruled August 15, 1891, and appellant was allowed sixty days in which to file bill of exceptions, and, on October 13, 1891, the bill of exceptions was presented to, and signed by, the judge, and, on May 26, 1892, the bill was filed, the bill was properly in the record, the presentation to the judge being the controlling question.

SAME.—*Bill Purporting to Contain All the Evidence.—Omission of Part. —Vital Defect.*—Where a bill of exceptions purporting to contain all the evidence shows that a certain note marked exhibit A was read in evidence, but there is an omission to copy such note in the bill, and it is not clearly shown that the note mentioned in the bill

as having been read in evidence is the note sued on, a copy of which is filed with the complaint, such omission will be treated as a vital defect.

From the Vigo Circuit Court.

*S. C. Stimson, A. M. Higgins, H. A. Condit* and *R. B. Stimson,* for appellant.

*I. N. Pierce, H. D. Roquet, S. R. Hamill* and *G. W. Faris,* for appellee.

DAVIS, J.—Appellee brought suit in the court below against appellant, on a promissory note payable to the order of one C. C. Smith, alleging that at the time of the execution of the note to said appellee, the appellant, through inadvertence and the mutual mistake of the parties, wrote the name of said C. C. Smith, his father, as payee thereof, instead of appellee.

The complaint is in due form and properly alleges the execution of the note to appellee, with the exception of the mutual mistake of the parties in the name of the payee inserted therein. The note discloses on its face that it was executed as the evidence of the unpaid purchase price for a mare, "and that the title or ownership does not pass from the said Adriel Walker until this note, with interest, is paid in full."

A memorandum across one end of the copy of the note filed with the complaint shows that Charles C. Smith was a dealer in agricultural implements, stoves and tinware, at Terre Haute, Indiana, and he was not made a party defendant to the action.

Appellant demurred to the complaint on the ground that it did not state facts sufficient to constitute a good cause of action, and, also, for defect of parties defendant in the omission of said Charles C. Smith named as payee of the note. The demurrer was overruled, and appellant answered in four paragraphs—a denial, no consideration

for the note, failure of consideration, and fraudulent representations. An alleged breach of warranty was also pleaded in cross-complaint. The case was tried by a jury, and resulted in a verdict and judgment against appellant.

The errors assigned are:

1. That the complaint does not state facts sufficient to constitute a cause of action.

2. That the court erred in overruling the demurrer to the complaint.

3. That the court erred in overruling appellant's motion for a new trial.

In support of the first two errors, it is urged that the alleged mistake does not appear to be a mistake of fact. The averments on this subject are not, perhaps, as clear and specific as the rules of good pleading require, yet we think they are sufficient to withstand the demurrer. *Keister* v. *Myers*, 115 Ind. 312.

It is next insisted that the complaint shows a defect of parties defendant. This action was not brought by an assignee. Section 276, R. S. 1881.

The facts alleged show that Charles C. Smith never, at any time, had any interest in the note. The note was executed to Adriel Walker for a mare sold by him to appellee. The appellant, through inadvertence and on account of the mutual oversight and mistake of the parties, wrote the note payable to his father, but delivered the same to appellee. This is the fair intent and effect of the averments. Under such circumstances it was not necessary to make said Smith a party defendant to the action. Conceding the facts to be true, as alleged, there could be no defect of parties. If the note had been executed to Charles C. Smith, or if it otherwise appeared that he, at any time, had any interest in the note, he would undoubtedly have been a necessary party.

It was incumbent on appellee to prove on the trial the

facts alleged in the complaint.    If he had failed to establish the alleged mistake, as charged (or, perhaps, if it had appeared that Smith ever, at any time, had any interest in the note), there would have been a fatal variance between the pleading and proof.

All, however, that is necessary for us to decide, and all we do decide on this proposition, is that, on the facts alleged, there was no defect of parties apparent on the face of the complaint.

We will next proceed to determine whether any question is presented by the record on the third error assigned.    On the 15th day of August, 1891, appellant's motion for a new trial was overruled, and he was granted sixty days in which to file bill of exceptions.    Afterwards, on the 26th day of May, 1892, bill of exceptions No. 1, containing instructions, was filed, and it is shown, in the bill of exceptions, that it was presented to and signed by the judge on the 13th day of October, 1891, and, also, on the same day bill of exceptions containing the longhand copy of the shorthand manuscript of the evidence was filed, and it also appears, in said bill of exceptions, that the same was presented to and signed by the judge on the 13th of October, 1891.

It is insisted that the bills of exceptions are not in the record, but without entering into the discussion at length, we are of the opinion that, under the principles enunciated in *Gish* v. *Gish*, 7 Ind. App. 104, and the authorities there cited, this contention can not prevail.

It is next contended, by counsel for appellee, that the bill of exceptions affirmatively shows that it does not contain all the evidence introduced on the trial, and, therefore, that no question is presented in relation to the evidence or the instructions.    The bill of exceptions purporting to include all the evidence given on the trial contains the following:    "The plaintiff offered and read in

evidence the note marked exhibit A, which is in the words and figures following, to wit:''

Then follows a blank space, in which we presume it was intended to copy the note. No note is copied into the bill of exceptions. There is no (here insert) or other reference to any note. The copy of the note filed with the complaint is marked exhibit A.

It is contended, by counsel for appellant, that the reference to exhibit A identifies the note read in evidence as being the same as exhibit A filed with the complaint, and it is insisted that by reason of such identification it was not necessary to copy the note into the transcript of the evidence. *Voorhees* v. *Hushaw*, 30 Ind. 488; *Brinkley* v. *Forkner*, 117 Ind. 176.

In the last case cited, Judge MITCHELL, speaking for the court, said: ''When a paper is once copied into the transcript, it is not necessary to copy it again when introduced into subsequent parts of the record, provided it be so referred to as that it can be identified with certainty.''

We concur in the principle above stated, but the difficulty arises in its application to the facts in this case. The exhibit A referred to in, and filed with, the complaint is a copy of the note sued on. The exhibit A, referred to in the bill of exceptions, appears to have been an original note, not a copy. The exhibit A in the bill of exceptions is not identified with certainty as referring to the same note previously copied into the transcript. If it was clearly shown in the bill of exceptions, in some manner, with certainty, that the note read in evidence was the note sued on, a copy of which was filed with the complaint, then, under the authorities cited, it would not be essential that it should be again copied into the bill of exceptions, but in this case inference alone leads to such conclusion. We might, if allowed, presume that the

note read in evidence was the note in suit, but the court can not indulge in such presumption. A note was read in evidence which is not copied into the bill of exceptions, and in the absence of any statement or showing that a copy of such note appears elsewhere in the transcript, we are constrained to hold that all the evidence is not in the record.

The rule has long been established that in such cases where the evidence is not all in the record, the Appellate Court will not consider any question in reference to the evidence or instructions, where such question depends upon the entire evidence. *Gish* v. *Gish, supra; Evansville, etc., R. W. Co.* v. *Lavender,* (Ind. App.) 34 N. E. Rep. 109; *Patchell* v. *Jaqua,* 6 Ind. App. 70, 33 N. E. Rep. 132, except as stated in *Rapp* v. *Kester,* 125 Ind. 79.

Whether the omitted evidence is material or immaterial seems to make no difference. When it is affirmatively shown in such case that any evidence was given on the trial which does not appear in the bill of exceptions, such omission is treated and considered as a vital defect. This may be in its practical operation sometimes a harsh technical rule. As to when the court can consider such question without having all the evidence before it, see *Johnson* v. *Wiley,* 74 Ind. 233. It is true, however, that in many cases the entire evidence is not necessary to present the questions on which decision is sought on appeal, but when the effort is made to so present the questions growing out of rulings on the trial, to the Appellate Court on appeal, by bringing all the evidence before the court, as was attempted to be done in this case, and the entire evidence is necessary, the omission of any part of the evidence is fatal.

There should be in such cases settled and well defined rules calculated to secure a uniform system of practice,

and to promote the ends of justice, and attorneys who prosecute appeals should see that a perfect transcript of the record, or so much thereof as may be necessary to present the questions in controversy, is filed in this court. Without continuing the discussion, it will suffice to say that, applying the principles enunciated in a long and unbroken line of decisions in the Supreme Court, and which this court has followed, we are of the opinion that no question arising on the third assignment of error is presented by the record.

Judgment affirmed, at costs of appellant.

Filed Sept. 26, 1893.