## St. Paul's Congregation et al. *v.* Houtz et al.

### [No. 5,187.  Filed May 12, 1905.]

Appeal and Error.—*New Trial.*—*Bill of Exceptions.*—*Time for Filing.*—Where appellants' motion for a new trial was overruled December 31, November term, and 60 days were given "in which to file all bills of exceptions," and final judgment was rendered at a later term, on March 20, "to which finding and judgment the plaintiffs except, and 120 days are allowed the plaintiffs to file all bills of exceptions," and the bill was presented to the judge July 16, the presentation was too late, the time granted on the overruling of the motion for a new trial having expired, and the time granted on the rendition of judgment being unavailing.

From Wells Circuit Court; *John M. Smith,* Special Judge.

Action by St. Paul's Congregation, as represented in the Synod of Northern Indiana of the General Synod Evangelical Lutheran Church of the United States, and others against Eli Houtz and others. From a decree for defendants, plaintiffs appeal. *Affirmed.*

*Dailey, Simmons & Dailey,* for appellants.
*W. H. Eichhorn* and *George A. Matlack,* for appellees.

Black, J.—The assignment of error is such as to require, for the consideration of any question upon the merits, that the evidence be in the record.

The motion of the appellants for a new trial was over-ruled December 31, 1902, at the November term, 1902, of the court below, and the appellants, having excepted, at that time, to this ruling, were then given sixty days "in which to file all bills of exceptions." Final judgment on the court's finding was rendered March 20, 1903, "to which finding and judgment," it is stated in the record, "the plaintiffs except, and 120 days are allowed the plaintiffs to file all bills of exceptions." A bill of exceptions containing the evidence, which therein appears to have been presented to the judge July 16, 1903, and to have been signed by the judge on that day, is attached after the clerk's certificate to the transcript of the record. It does not appear by any entry of record when this bill was filed, but in a certificate of the clerk attached thereto it is stated that on July 14, 1903, in vacation, the plaintiffs by counsel tendered and filed in the clerk's office the bill of exceptions, which was at that time signed by the judge.

If it can be said that it appears sufficiently that the bill was filed after it was signed by the judge, yet it appears that it was not tendered to the judge within a period prop-erly allowed therefor. The statute provides that an excep-tion must be taken at the time the decision thereby objected to is made, but that time may be given to reduce the excep-tion to writing, but not beyond the term, unless by special leave of the court; that if a motion for a new trial shall be filed in a cause in which such decision, so excepted to, is assigned as a reason for a new trial, such motion shall carry such decision and exception forward to the time of ruling on such motion, "and time may be then given by the court within which to reduce such exception to writing." §638 Burns 1901, §626 R. S. 1881. The reasons for a new trial assigned in this case were that the decision of the court was not sustained by sufficient evidence, and that it was contrary to law. The only decision of the court excepted to was the

overruling of the motion for a new trial. When the record does not otherwise show the decision or grounds of objection thereto, the party objecting must, within such time as may be allowed, present to the judge a proper bill of exceptions. §641 Burns 1901, §629 R. S. 1881.

The motion for a new trial was made and was overruled before the rendition of the judgment, which was rendered more than sixty days after the overruling of the motion for a new trial, and at a later term of court. It was then impossible to take an exception to the action of the court in overruling the motion for a new trial, and the words immediately following the judgment in the record, "to which finding and judgment the plaintiffs except," show only an exception to the judgment. While this was a wholly useless exception, the court then allowed 120 days to the appellants to file all bills of exceptions. There does not appear to have been any application for an extension of the allowance of the time previously made when the motion for a new trial was overruled, or any agreement of the parties for such lengthening of the period previously allowed. The allowance of time made when the judgment was rendered can not be regarded as a proper giving of time to reduce to writing the exception taken at a previous term of court. The cause had remained *in fieri* for the purpose of rendering judgment on the court's finding, but not for the purpose of ruling on the motion for a new trial, or of taking an exception to such ruling, or of granting time to reduce such an exception to writing. See *Robinson* v. *Johnson* (1878), 61 Ind. 535; *Rhyan* v. *Dunnigan* (1881), 76 Ind. 178; *Boyer* v. *Libey* (1882), 88 Ind. 235; *Barnaby* v. *State* (1886), 106 Ind. 539, 541; *Rigler* v. *Rigler* (1889), 120 Ind. 431.

Judgment affirmed.