## DIGAN, ADMINISTRATOR, v. MANDEL.

[No. 20,848. Filed January 8, 1907.]

1. PLEADING. — *Complaint.* — *Bills and Notes.* — *Ownership.* — Where the plaintiff is not the payee of a note, he must set out in his complaint thereon, facts showing that he holds the title thereto. p. 590.

2. SAME.—*Complaint.*—*Bills and Notes.*—*Mistake in Name of Payee.*—A complaint showing that the maker of a note, through mistake and inadvertence, inserted in the note as payee the name of a bank instead of the plaintiff, to whom the note was executed, sufficiently shows plaintiff's title to such note. p. 590.

3. BILLS AND NOTES.—*Insertion of Wrong Person as Payee.*— *Indorsement.*—Where, by mistake, the name of a bank was inserted as the payee of a note intended to be executed to plaintiff, such bank never acquired any interest in such note. p. 590.

4. BILLS AND NOTES.—*Mistaken Payee.—Indorsement.—Parties.*
—The indorsement of a note by the nominal payee, whose name
was inserted by mistake, to the real payee does not constitute
such nominal payee an assignor within §277 Burns 1901, §276
R. S. 1881, and, even in the absence of an indorsement, such
nominal payee is not a necessary party to an action by the real
payee to enforce such note. p. 591.

5. TRIAL.—*Theory.—Pleading.—Evidence.—Variance.*—A plain-
tiff must recover, if at all, by proof of the allegations of his
complaint. p. 591.

6. SAME.—*Theory.—Bills and Notes.—Title.—Allegations.—Evi-
dence.—Variance.*—Title to a note must be proved as laid in
the complaint or the result will be a fatal variance. p. 591.

7. BILLS AND NOTES.—*Delivery.—Signatures.*—Delivery of a
note is a material element in the execution thereof, and when
the execution of a note is denied, proof of such delivery as
well as the signing thereof is necessary. p. 592.

8. SAME.—*Delivery.—What Constitutes.*—Delivery of a note is
shown, where such acts are proved as show an unmistakable
intention, on the part of the maker, to relinquish all power
and control over it and give it effect in the hands of the payee.
p. 592.

9. EVIDENCE.—*Bills and Notes.—Introduction of.—Preliminary
Proof Necessary.*—Proof of the possession of a note by the
plaintiff and of the defendant's signature thereto, authorizes
the admission of such note in evidence, the order of proof be-
ing immaterial. p. 593.

10. TRIAL.—*Burden of Proof.—Bills and Notes.—Alterations.*—
The burden of proving material, unsuspicious alterations in a
note, subsequent to its execution, is upon defendant. p. 593.

11. PLEADING.—*Decedents' Estates.—Bills and Notes.—Execu-
tion.—Assignments.—Burden of Proof.*—Under §2479 Burns
1901, Acts 1883, p. 151, §11, an answer of *non est factum* is
not necessary, on behalf of an executor or administrator, to
require the owner of a note executed by decedent, to establish
the execution thereof, a general denial compelling such owner
to make such proof. p. 594.

12. PARTIES.—*Real.—Nominal.—Bills and Notes.—Pleading.*—
The real payee of a note may maintain an action on a note
executed by mistake in the name of another by showing that
he was the intended payee. p. 594.

13. BILLS AND NOTES.—*Delivery.—Evidence.—Possession.—Pre-
sumptions.*—Possession of a note signed by decedent and nom-
inally payable to a third party, by whom it was indorsed to

plaintiff, such third party disclaiming title thereto at any time, does not sustain an inference or presumption of delivery of such note, where the execution of such note is denied. *Taylor* v. *Gay*, 6 Blackf. 150, disapproved. p. 595.

14. BILLS AND NOTES.—*Mistake.—Evidence.*—Where plaintiff alleged that, by mistake, a third party was named as the payee of a note intended to be executed to plaintiff, proof of such third party's indorsement of such note to plaintiff and that such third party never had title thereto, does not sustain a finding that such maker inserted, by mistake, such payee's name instead of plaintiff's. p. 597.

From Cass Circuit Court; *John S. Lairy*, Judge.

Action by Joseph Mandel against James F. Digan, as administrator of the estate of James O'Donnell, deceased. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Reversed.*

*McConnell, Jenkines, Jenkines & Stuart,* for appellant. *Lairy & Mahoney,* for appellee.

MONTGOMERY, C. J.—Appellee brought this action upon a promissory note against Max Jennings and James O'Donnell. No service was obtained upon Jennings, and no appearance by him entered. O'Donnell answered (1) general denial, (2) *non est factum,* (3) payment, (4) want of consideration, and (5) that the note was signed by O'Donnell as surety, and at the time was intentionally made payable at the City National Bank of Logansport, with the understanding between him and Jennings that appellee's assignor, John F. Troutman, should also sign the note as cosurety; that the note was never delivered to the payee therein named, nor any consideration given for its execution; that the note came into the hands of Troutman long after the time fixed for its maturity, and without the knowledge or consent of O'Donnell, and by means unknown to him. The affirmative answers were denied. O'Donnell died, and appellant, as his administrator, was substituted as defendant, and thereupon filed answers (1) denial, (2)

*non est factum,* and (3) want of consideration. Appellee replied to the third paragraph of answer in denial. A trial by the court resulted in a finding and judgment in favor of appellee for the full amount of principal and interest evidenced by the note, together with attorneys' fees and costs.

The controlling question for our consideration is presented by the assignment that the court erred in overruling appellant's motion for a new trial. The complaint alleges in substance the following facts:

On September 17, 1899, Max Jennings was indebted to John F. Troutman in the sum of $251.34, and to evidence and secure the same Jennings as principal and O'Donnell as surety executed to Troutman the following promissory note:

"Logansport, Indiana, September 17, 1899.
Ninety days after date, we, or either of us, promise to pay to the order of the City National Bank of Logansport, at the City National Bank of Logansport, Indiana, $251.34, with interest at the rate of eight per cent per annum from date, and attorneys' fees. The makers and indorsers jointly and severally waive presentment for payment, protest, notice of protest, and nonpayment of this note.     Max Jennings,
James O'Donnell."

By mistake and inadvertence in drafting, said note was made payable to the City National Bank of Logansport, Indiana, and upon discovery of such mistake, about March 17, 1901, the bank assigned the note to Troutman by the following indorsement thereon: "Pay to the order of John F. Troutman, without any recourse on us. City National Bank." Troutman indorsed the note to appellee, and the same is due and unpaid. The signature of O'Donnell to the note was shown to be genuine, and the execution of the indorsements by the City National Bank and John F. Troutman was proved. The note was read in evidence. John Gray testified that he was president of the City Na-

tional Bank, and prior to the bringing of this action, and perhaps three years after the date of the note, he made the indorsement in the name of the bank. The note was then in the possession of Troutman, and before he examined it or made the indorsement his attention was called to the fact that it was by its terms made payable to the bank. After making the indorsement he handed the note back to Troutman and could not recall that he had seen the note at any other time, either before or since. The bank never paid any consideration to any one for the note, and it was never delivered to or the property of the bank, and was only in the hands of the witness for the purpose of writing the indorsement made at the request of Troutman. The amount recoverable as attorneys' fees was agreed upon, and this was substantially all the evidence given in the case.

Appellant insists that all the material and necessary allegations of the complaint are not proved, and that the decision of the court is not sustained by the evidence.

The note upon its face is not payable to the appellee, but is payable to the order of a third party, and, in an action upon such an instrument, it is incumbent upon the 1. plaintiff to allege facts in the complaint showing his title or right to maintain the action. *Carskaddon* v. *Pine* (1900), 154 Ind. 410; *Keller* v. *Williams* (1875), 49 Ind. 504; *Nelson* v. *Johnson* (1862), 18 Ind. 329; *Stowe* v. *Weir* (1860), 15 Ind. 341; *Barcus* v. *Evans* (1860), 14 Ind. 381; *Montague* v. *Reineger* (1861), 11 Iowa 503.

This requirement is met with the averment that, by mistake and inadvertence in drafting, the note was made payable to the bank, instead of Troutman, the payee 2. intended, and by Troutman was indorsed to appellee. Under these averments the City National Bank never acquired any interest in the note, and was not an assignor within the meaning of that term as used 3. in §277 Burns 1901, §276 R. S. 1881, and, even in the absence of the indorsement by it shown in

the complaint, would not have been a necessary party to the action. *Smith* v. *Walker* (1893), 7 Ind. App. 614; *Rhyan* v. *Dunnigan* (1881), 76 Ind. 178, 180; *Meeker* v. *Shanks* (1887), 112 Ind. 207, 211. The indorsement by the bank passed no right or title in or to the paper not already vested in the holder. The manifest theory of the complaint is that Troutman, through whom appellee derived title, was the real payee intended at the time the note was executed; that he did not acquire his title by indorsement or delivery, but that the note was executed to him directly, and that another name, not a mere trade name of his, but the name of a third party, was written therein as payee by mistake and inadvertence. It is a general rule of pleading that a plaintiff must succeed, if at all, upon the case made by his complaint, and his evidence must prove his case upon the theory pleaded in the complaint or he will fail. *Terre Haute, etc., R. Co.* v. *McCorkle* (1895), 140 Ind. 613; *Holderman* v. *Miller* (1885), 102 Ind. 356; *Leeds* v. *City of Richmond* (1885), 102 Ind. 372.

The rule more particularly stated and applied is to the effect that, when an action is brought upon a note or other chose in action, the specific title alleged must be proved as laid, the same as if the action were brought for the recovery of real estate. *Indianapolis, etc., R. Co.* v. *Center Tp.* (1895), 143 Ind. 63, 70; *Smelser* v. *Wayne, etc., Turnpike Co.* (1882), 82 Ind. 417; *Morgan* v. *Smith, etc., Organ Co.* (1880), 73 Ind. 179; *Wallace* v. *Reed* (1880), 70 Ind. 263; *Jackson Tp.* v. *Barnes* (1876), 55 Ind. 136; *Smith* v. *Walker, supra.*

The contested question for decision is whether there is any evidence to sustain the allegation that the instrument in suit was executed by the makers to John F. Troutman, and, by mistake and inadvertence in drafting, his name was omitted and another inserted as payee. Appellee's counsel contend that proof of the genuineness of O'Donnell's signa-

ture, together with possession of the paper by Troutman two or three years after its date, and a denial by the City National Bank, the nominal payee, that the note was never executed to it, warrants and sustains the finding in his favor.

The delivery of an instrument is a material element in its execution, and when execution is denied a delivery of the writing must be proved, as well as the signatures 7. of the parties disputing its validity. In the case of *Purviance* v. *Jones* (1889), 120 Ind. 162, 16 Am. St. 319, Judge Mitchell, speaking of the delivery of a note, very aptly said: "To constitute a delivery it must appear that the maker, in some way, evinced an intention to make it an enforceable obligation against himself, according to its terms, by surrendering control over it, and intentionally placing it under the power of the payee, or of some third person for his use." Appellee relies upon the following cases to justify the inference of delivery from the facts proved: *Brooks* v. *Allen* (1878), 62 Ind. 401; *Taylor* v. *Gay* (1842), 6 Blackf. 150; *Stayner* v. *Joyce* (1889), 120 Ind. 99; *Green* v. *Beckner* (1891), 3 Ind. App. 39; *Garrigus* v. *Home, etc., Soc.* (1891), 3 Ind. App. 91, 50 Am. St. 262; *Talbott* v. *Hedge* (1892), 5 Ind. App. 555; *Meeker* v. *Shanks, supra.*

The case of *Taylor* v. *Gay, supra,* so far as it declares that contracts such as a promissory note are established by their production by the plaintiff and proof of the signature of the defendant or of his handwriting, and that the ceremony of delivery does not attach to this kind of contract, is not in exact accord with the later holdings of this court. In the case of *Purviance* v. *Jones, supra,* speaking to this point, Judge Mitchell said: "The acts which consummate the delivery of a promissory note are not essentially 8. different from those required to complete the execution of a deed. Act and intention are the two elements essential to the delivery of a deed, which is ordi-

narily effected by the simple manual transfer of possession from the grantor to the grantee with the intention of passing the title and relinquishing all power and control over the instrument itself. The final test is, did the maker do such acts in reference to the deed, or other instrument, as evidence an unmistakable intention to give it effect and operation, according to its terms, and to relinquish all power and control over it in favor of the grantee or obligee." See, also, *Palmer* v. *Poor* (1889), 121 Ind. 135, 139, 6 L. R. A. 469, and cases cited.

The cases of *Stayner* v. *Joyce, supra, Talbott* v. *Hedge, supra,* and *Green* v. *Beckner, supra,* merely hold that possession by the plaintiff and proof of defendant's signature authorize the introduction of the note in evidence. This holding is unquestionably correct, as was said also in the case of *Kusler* v. *Crofoot* (1881), 78 Ind. 597. The order of proof is not material, and the introduction of the note may be followed by proof of its delivery. The case of *Meeker* v. *Shanks, supra,* while somewhat similar in facts, is but remotely in point as an authority upon the question in controversy in this case. The plaintiff in that case declared upon a title derived through an indorser, and no question of the sufficiency of the evidence was involved.

In the case of *Brooks* v. *Allen, supra,* the real dispute was not as to the genuineness of the signature or the delivery of the note, but concerning an alleged alteration made after the signing and delivery of the paper, and the court correctly held that the burden of showing such alteration under the issues was upon the defendant, and, in the absence of any indication of the alleged alteration on the face of the note, or other evidence of the fact, the plaintiff would be entitled to recover. In that case, and also in the case of *Garrigus* v. *Home, etc., Soc., supra,* the declaration of law, that possession of a note will raise a presumption of delivery, was made with reference

to notes in the possession of the payee therein named. We are not required to pass upon that question in this case.

The plea of *non est factum* was filed by appellant, but, under the provisions of §2479 Burns 1901, Acts 1883, p. 151, §11, no such answer was necessary to impose upon appellee the burden of proving the execution of the instrument sued upon, and of the assignments of the same. *Riser* v. *Snoddy* (1856), 7 Ind. 442, 65 Am. Dec. 740; *Mahon* v. *Sawyer* (1862), 18 Ind. 73; *Barnett* v. *Cabinet Makers Union* (1867), 28 Ind. 254; *Cawoods* v. *Lee* (1869), 32 Ind. 44; *Estate of Wells* v. *Wells* (1880), 71 Ind. 509.

We have already shown that the averments in the complaint, that appellee's assignor, Troutman, was the payee intended, and that a mistake occurred in drafting the note by which another name was inserted as such payee, were material and necessary to show appellee's true title. Construing the complaint as we do, this case comes within the rule announced in *Leaphardt* v. *Sloan* (1840), 5 Blackf. 278, declared in the following words: "If a promise be made to a person by a wrong name the promisee may sue upon that promise in his right name, and aver himself to be the person intended. And a plaintiff suing upon a promissory note, which purports to be payable to a person of a different name, may show by evidence that he was the person intended." In the case of *McKinney* v. *Harter* (1845), 7 Blackf. 385, Judge Blackford, in discussing a similar question, said: "The allegation amounts to an averment, that the defendant made the due bill to the plaintiff by the name mentioned in it. The instrument offered in evidence agreed with the description in the declaration, and was admissible. The plaintiff, however, could not recover without other evidence besides the due bill. It was necessary for him to prove that, by the words in the due bill 'the estate of Thomas Eager, deceased,' the plaintiff was the party intended. But he had

a right to introduce the due bill, previously to offering any other evidence." See, also, *Rhyan* v. *Dunnigan* (1881), 76 Ind. 178.

Appellee relies wholly upon the inference to be drawn from possession of the paper by Troutman to establish the requisite delivery. As pertinent to this feature of the case we quote from the well-considered case of *Sears* v. *Daly* (1903), 43 Ore. 346, 73 Pac. 5: "In an action upon a promissory note, where its execution is denied by the defendant, there is no presumption that it has been regularly executed. In such case the plaintiff must establish the fact that it is the note of the defendant, and on this proposition he has the burden of proof throughout. * * * In case an instrument in form a promissory note is shown or admitted to have been executed, certain presumptions will attach to it in the hands of the holder, such as that it was made for a valuable consideration, regularly indorsed for value before maturity, is truly dated and the like; * * * and, in an action thereon between the immediate parties, the onus is upon the defendant to establish any affirmative defense. * * * But, where the making of the note is the point in issue, no presumption can attach until its execution is shown. A promissory note is a promise in writing to pay to a person therein named a certain sum of money at a specified time. Until the fact of the signing and delivery by the defendant, or by his authority, is established, there is no promissory note, and nothing to which a presumption can attach." We quote with approval from the opinion in the case of *Chenot* v. *Lefevre* (1846), 8 Ill. 637, 641, as peculiarly applicable to this case, the following language: "The defendant requested the court to give two instructions * * * as follows: If the jury believe from the evidence, that the notes offered in evidence are payable to a person of a different name from that of the plaintiff, and that there was no testimony before them showing that the plaintiff was the person

intended, they must find for the defendant. This instruction the court refused to give. In this the court erred. Where a note is given to a person by a name other than his real name, he may aver in the declaration that the note was given to him by the name as specified in the note; but then it is necessary to prove to the satisfaction of the jury, that he was the person intended as payee. That is an allegation that requires to be established by the proof as much as any other material allegation in the declaration, and is not established by the mere fact that the plaintiff has possession of the note. It is probable that where the initial of the given name is only given in the note, that the bare possession of the note would be sufficient to entitle him to recover, where there was no suspicion otherwise in the case; but where the name is another than that of the plaintiff, extraneous evidence of the identity must be produced." In the case of *Stowe* v. *Weir* (1860), 15 Ind. 341, this court said: "A party cannot be permitted to rely upon a mere possession to establish title to a promissory note, while his pleadings aver a transfer in writing." In the case of *Smith* v. *Walker* (1893), 7 Ind. App. 614, the complaint averred that the note in suit was executed to the appellee Walker, but by mistake and inadvertence the name of C. C. Smith was written therein as payee, and the court said: "It was incumbent on appellee to prove on the trial the facts alleged in the complaint. If he had failed to establish the alleged mistake, as charged (or, perhaps, if it had appeared that Smith ever, at any time, had any interest in the note), there would have been a fatal variance between the pleading and the proof."

We have referred to and quoted from various decisions of this court relating to the subject under consideration, for the purpose of exhibiting the process by which our conclusion was reached. The possession of the paper by Troutman shown, payable as it was to the City National Bank, conceding the signature of appellant's decedent to be genu-

ine, affords no basis for the inference that the note was fully executed by delivery. Appellee relies upon the general principle that possession is *prima facie* evidence of title, to establish the delivery. The general doctrine as applied to contentions over the title to existing articles of property is well established. If the dispute here concerned only the title to the paper irrespective of the writing upon it, the possession of Troutman and his assignee might give color of title and create a presumption of ownership. Delivery involves both an act and an intention, and where the contest is waged with respect to the act and purpose necessary to create the article, and give it existence and legal force, there can be no presumption of law or foundation for an inference of fact in favor of one not in terms a party to the disputed instrument. It was incumbent on appellee to prove delivery, or to prove such facts as warranted the inference of delivery by the trial court. In this respect there is a failure of evidence.

Appellee was required, under the issues, to prove also that the name of the City National Bank was inserted in the paper by mistake, and that Troutman was the payee intended by the makers. The indorsement by the bank and the testimony of its president as given had no tendency to prove such fact. It was clearly shown that the bank knew nothing as to the intention of the parties at the time of signing the paper, and at no time had any interest in the alleged note, and so could not and did not attempt to confer any right with regard to it upon Troutman. The only relevant presumption of law attaching to a writing fully executed is that it contains and correctly expresses the intention of the parties to the same. This presumption may be rebutted by an allegation and proof of a mistake. If, then, any inference upon the subject of intent could be drawn from this writing, in the absence of extrinsic evidence, it would be that the signers intentionally inserted the name of the City National Bank

as payee, and that there was no mistake in drafting the instrument. In our opinion the evidence fails, in the respects indicated, to support the decision of the trial court, and a new trial must be awarded.

The judgment is reversed, with directions to sustain appellant's motion for a new trial, and for further proceedings.