S. S. BARNES, Appellant, v. STANLEY & MAY-
NARD, Defendants; L. F. LaFONT, Admr., etc.,
Interpleader, Respondent.

St. Louis Court of Appeals, August 4, 1902.

1. **Partnership:** DEATH OF MEMBER: ATTACHMENT: CREDI-
TOR: ADMINISTRATOR: INTERPLEA: INTERVENER: PRAC-
TICE, TRIAL. After the death of a member of a partnership
which owned certain personal property, an attachment was levied
on the latter at the suit of a creditor of the firm. An administra-
tor of the partnership estate was then duly appointed and he in-
tervened in the attachment suit by an interplea. The same person
was also appointed administrator of the individual estate of the
deceased partner. He qualified in both capacities. *Held*, that the
administrator of the partnership estate was entitled to the posses-
sion of the property for the purpose of administration, as against
the levy of the attaching creditor.

2. **Surviving Partner:** PARTNERSHIP ESTATE: ADMINISTRA-
TOR: PROBATE COURT, JURISDICTION OF. Where the sur-
viving partner and those entitled to administer upon the individual
estate of a deceased partner fail to take charge of the partnership
estate, the probate court has jurisdiction to appoint a person to
administer thereon, and the public administrator has been held
entitled to such appointment, in the proper circumstances.

3. ———: ———: ———: STATUTORY CONSTRUCTION. The
administration of partnership estates is assimilated by section 67,
Revised Statutes 1899, to administration of ordinary estates except
in the particulars mentioned in the probate law.

4. **Administration of Partnership Estates.** The Missouri law
governing administration of partnership estates is said to have been
borrowed from Maine. It authorizes a surviving partner in certain
contingencies to proceed to wind up the partnership business with-
out giving security in the probate court.

5. **Probate Court:** JURISDICTION OF, IN PARTNERSHIP ES-
TATES: ASSIGNMENT. A surviving partner has no power to
make an assignment of the entire partnership estate so as to de-
prive the probate court of jurisdiction to administer the same.

6. **Attachment:** ADMINISTRATION: LIEN. Attachment is not
available in Missouri against property of an estate in process of
administration, and so an attachment levy upon personal property
of a partnership, which has been dissolved by the death of one of
the partners, is held no lien on the partnership estate. Whether

Barnes v. Stanley & Maynard.

the levy creates a lien on the interest of the surviving partner is not determined.

7. **Interplea: ATTACHMENT: REPLEVIN: PRACTICE, TRIAL.** The intervention of a claimant to property in an attachment suit, by filing an interplea, is a statutory proceeding in the nature of replevin.

8. **Legal Capacity to Sue: WAIVER: DEMURRER: PRACTICE, TRIAL.** An objection going to the want of legal capacity to sue is waived under the Missouri statute by a failure to present it by demurrer or plea.

Appeal from New Madrid Circuit Court.—*Hon. Henry C. Riley*, Judge.

AFFIRMED.

*Conran & Sharp* and *W. H. Miller* for appellant.

(1) Appellant contends that interpleader has no standing in court, because his pretended appointment as administrator of the partnership estate of Stanley & Maynard, is void. Hence, appellant's peremptory instruction should have been given. Secs. 56 and 57, R. S. 1899. (2) The statute makes provisions for the administration of a partnership estate only by two persons, viz.: the surviving partner, or the administrator of the deceased partner in his capacity as such administrator, and then only after having given an additional bond. Sec. 61, R. S. 1889. (3) It is only when acting within its jurisdiction that the judgment or order of a probate court is binding. Moody v. Peyton, 135 Mo. 482. (4) The surviving partner had the right, without the intervention of a court, to proceed to wind up the partnership. Such being the case, he was rightfully in possession and the property was subject to attachment if the exigency arose. Goodson v. Goodson, 140 Mo. 206; Holman v. Nance, 84 Mo. 674; Crook v. Full, 111 Mo. 288. (5) Assuming, only for the purpose of this point, that the appointment of LaFont as administrator of the partnership estate was valid, such appointment was not made until long after the service of the attachment, and consequently his interplea could not be sustained, because it was necessary that at the time of the caption. interpleader have a general or special property in the goods taken and the right to the immediate and exclusive possession. Hardware

Co. v. Hardware Co., 75 Mo. App. 518; Upham v. Allen, 73 Mo. App. 224; Bank v. Fisher, 55 Mo. App. 51. (6) Under any possible view of this case the attachment was rightly levied on whatever. interest the surviving partner had in the attached property. The attaching plaintiff had the right to dismiss as to the dead man and proceed against the survivor. The debt due plaintiff in attachment was both joint and several and he had a right to sue the survivor alone, by attachment if necessary. Simpson v. Schulte, 21 Mo. App. 639; Dieckman v. St. Louis, 9 Mo. App. 9; Hill v. Bell, 111 Mo. 35; Corillon v. Thomas, 6 Mo. App. 574.

*R. B. Oliver* for respondent; *Murray Phillips, Jr.,* of counsel.

(1) Probate courts in this State are not of statutory origin. They are creatures of the organic law. The Constitution provides, that the General Assembly shall establish a probate court in every county of this State; and that such court "shall have jurisdiction over all matters pertaining to probate business, to the granting of letters testamentary and of administration." Constitution, art. 6, sec. 34; Elliott v. Wilson, 27 Mo. App. 218. (2) The probate court of New Madrid county had jurisdiction over the estate of Stanley & Maynard. Maynard had the right in the first instance to administer as surviving partner of the firm. He waived that right, and asked the probate court to appoint Judge LaFont in his stead. The probate court heard the application of Maynard and adjudged La-Font (who had also been appointed administrator of J. H. Stanley, deceased) a fit and proper trustee to administer upon the partnership of Stanley & Maynard. That was and is the judgment of the only court who had authority and right to determine and name an administrator, and that judgment is not open to collateral attack by this appellant. Camden v. Plain, 91 Mo. 118; Rowden v. Brown, 91 Mo. 429; Macy v. Stark, 116 Mo. 481; State ex rel. Withrow, 141 Mo. 69. (3) The administrator of a partnership estate is but a trustee appointed by the probate court to wind up the co-part-

nership. No other forum or tribunal in Missouri has authority to appoint an administrator. State ex rel. v. Withrow, 141 Mo. 69; Bredow v. Mutual Savings Institute, 28 Mo. 181. (4) We contend, in the language of Judge NAPTON, that "it is well settled that in cases of administrators, the title and right of the administrator, after his appointment, relates back to the death of the intestate. This doctrine of relation is a fiction of law to prevent injustice." Wilson v. Wilson, 54 Mo. 212. And this rule was followed by this court, in Bambrick v. Presbyterian Church, 53 Mo. App. 237.

BARCLAY, J.—This is a controversy in regard to the possession of certain personal property formerly belonging to the partnership of Stanley & Maynard, composed of Messrs. James H. Stanley and Albert Maynard. The former died, February 11, 1901. Mr. Maynard at first proceeded toward liquidating the affairs of the firm without formal administration. February 22, 1901, Mr. Seth S. Barnes as plaintiff brought a suit by attachment against the firm (naming both partners as defendants) on a demand for $329.17 for goods sold and delivered, charging fraudulent conveying and concealing of assets, etc. Under the attachment writ a considerable amount of miscellaneous personal property, including a sawmill, engine and machinery, lumber, mules, etc., was seized by the sheriff of New Madrid county. Thereupon the widow of Mr. Stanley, and Mr. Maynard, renounced their rights to administer and Mr. LaFont was appointed by the probate court of the county to be administrator of the partnership estate of Stanley & Maynard, February 28, 1901. He was also appointed by the same court administrator of the individual estate of Mr. Stanley. He qualified at once by giving the required securities in each capacity.

Mr. LaFont then filed an interplea in the Barnes attachment suit, claiming possession of the attached

property as administrator of the partnership estate of Stanley & Maynard, reciting his appointment and qualification as administrator of said partnership estate, that the property attached (which was duly described) belonged to said estate, that he had demanded unsuccessfully the return of the property for which he prayed judgment, etc.

The substance of plaintiff's answer to the interplea is as follows:

"1.    That he denied each and every allegation therein contained.

"2.    That he prays judgment as in the original petition filed herein."

A trial took place before the learned circuit judge, a jury having been waived. After hearing the evidence which disclosed the foregoing facts, the court found in favor of the interplea and adjudged that the attached property be delivered to the interpleader.

Then followed this appeal after the original plaintiff had moved for a new trial without success and had duly saved his exceptions.

1. It has been held competent for a surviving partner in Missouri to take certain steps toward paying off debts and collecting assets of the firm, without giving the bond required by section 56 (R. S. 1899). Bredow v. Sav. Instn., 28 Mo. 181; Crook v. Tull, 111 Mo. 283. But it has been further held, by a divided court, that he may not assign the entire property of the firm so as to deprive the probate court of its jurisdiction over the partnership property. State ex rel. Richardson v. Withrow, 141 Mo. 69. In the last case were approved several decisions construing statutes of Maine, whence our probate law governing partnership estates is said by a learned commentator to have been borrowed. 1 Woerner, Administration (2 Ed.), p. 297, sec. 129. Yet we do not interpret the Withrow case as overruling the early rulings followed in Goodson, Admr. v. Goodson, 140 Mo. 206. So, in the exist-

ing condition of our authorities, we consider our law to authorize a surviving partner to proceed in certain contingencies to wind up the partnership business, without giving bond in the probate court.

2. Mr. Maynard was following the course above mentioned when the plaintiff's attachment was obtained and levied on the partnership property. The plaintiff in that suit challenges the appointment of the interpleader as administrator of the partnership estate as described. Appellant contends that there is no authority of law for the appointment of any one in place of the surviving partner, save the administrator or executor of the individual estate.

It appears in evidence that the interpleader is also the administrator of Mr. Stanley's individual estate, but he did not interplead in that capacity. The only other parties shown by the testimony to have any prior right of administration, renounced. Under section 67 (R. S. 1899) the administration of partnership estates is assimilated to administration in ordinary cases except as provided in the particular enactments concerning those estates. It seems to us that where the surviving partner, and those entitled to administer upon the individual estate of the deceased partner, decline to take charge of the partnership estate, the probate court may proceed to appoint some other eligible person to discharge the trust, following the analogy furnished by the law of administration in ordinary cases. R. S. 1899, sec. 9.

The public administrator has been held a proper person to take charge of such estates in circumstances which would authorize his appointment in the case of an individual estate. Headlee v. Cloud, 51 Mo. 301.

If our conclusion touching the appointment was different, it would be necessary then to inquire whether the allegation of disqualification of the interpleader to maintain his claim for the property was not an objection going merely to the want of legal capacity on his

part to sue, and whether or not it was waived, under our Missouri statutes and decisions, by failure to present it by demurrer or by plea in the answer of plaintiff to the interplea. R. S. 1899, secs. 598, 602; Fuggle v. Hobbs, 42 Mo. 537; May v. Burk, 80 Mo. 675. But we need not pursue the investigation of this minor issue of pleading, as we are of opinion that the appointment was correct.

3. It is next contended that the attachment effected a lien on the firm property in the hands of the surviving partner and barred the interpleader from the right to claim that property.

By the clear intent of statutory law in Missouri, attachment is not available against property belonging to an estate in process of administration. R. S. 1899, secs. 184, 408, 410, 411. No lien could properly be maintained upon the interest of the partnership by reason of the levy, because that interest was not subject to levy after Mr. Stanley's death. Assuming (without, however, deciding) that the levy was good to reach the interest of the living defendant in the attachment suit (Wiles v. Maddox, 26 Mo. 77), the force of the levy simply attached to that interest to be ascertained upon an adjustment of the partnership accounts. That interest is contingent upon the outcome of the administration and it is to be ascertained upon a final settlement of this particular partnership in the probate court. The existence of this claim against the interest of one of the partners can not justly be viewed as a valid ground to withhold the assets of the firm from the legitimate demands of the co-partnership administration in the probate court.

In this respect the case at bar is distinguishable in principle from Rapp v. Vogel, 45 Mo. 524, Lloyd v. Tracey, 53 Mo. App. (St. L.) 175, and kindred decisions, because of the effect of the law of administration upon the relative rights of creditors of a firm and of an individual member thereof. So far as concerns the

firm property, the lien of the attachment could not stand. Sweringen v. Eberius, 7 Mo. 421.

The exact effect of the levy, however, we are not now called upon to define further than is involved in the ruling that the interpleader, as administrator of the partnership estate, is entitled to the present possession of the property of the firm, as was held by the learned trial judge. The intervention of the administrator, Mr. LaFont, in the attachment suit, by filing the interplea claiming the attached property, is a statutory proceeding in the nature of an action of replevin. Wheeler Sav. Bank v. Tracey, 141 Mo. 252. The interpleader is entitled to recover the property for the purposes of administration of the partnership estate.

The judgment is affirmed. *Bland, P. J.,* and *Goode, J.,* concur.