(51 Misc. Rep. 670.)

SIMON v. MINTZ.

(Supreme Court, Appellate Term.   November 14, 1906.)

BILLS AND NOTES—NEGOTIABLE INSTRUMENTS LAW—ACTION—COMPLAINT.
Under Negotiable Instruments Law, Laws 1897, p. 755, c. 612, § 320, providing that, where a note is drawn to the maker's own order, it is not complete until indorsed by him, a complaint on such a note failing to allege the maker's indorsement was fatally defective.
[Ed. Note.—For cases in point, see Cent. Dig. vol. 7, Bills and Notes, § 1474.]

Appeal from City Court of New York.

Action by Abraham Simon against Lina Mintz, sued as Lina Silverman, as administratrix, etc., of the estate of Haskall Silverman, deceased. From a judgment and order of the New York City Court in favor of defendant, plaintiff appeals.   Affirmed.

Argued before GILDERSLEEVE, DUGRO, and DOWLING, JJ.

Steuer & Hoffman, for appellant.
Hoadly, Lauterbach & Johnson, for respondent.

PER CURIAM.   In plaintiff's brief it is stated that the complaint was dismissed for the two following reasons:   (1) The complaint did not show the negotiability of the note, in failing to allege its indorsement by the maker, since the note was made to the maker's order.   (2) The evidence showed the note to have been discounted and paid by A. Simon & Co., and plaintiff failed to show that he was doing business as A. Simon & Co.

The first reason was a sufficient one, for section 320 of the negotiable instrument law reads:

"Where a note is drawn to the maker's own order, it is not complete until indorsed by him."

Although allegations in a complaint are to be liberally construed, statements of legal conclusions cannot be considered statements of fact.   It is not necessary to inquire into the second reason.

There was no error in denying the motion to amend the judgment. The court, in rendering judgment, had already passed upon the question, and there was no reason why it should pass upon it a second time.

The order will therefore be affirmed, with costs.   The judgment will be modified, so as to eliminate the words "on the merits," and affirmed, with costs.   All concur.