## EDELMAN v. RAMS.

(Supreme Court, Appellate Term. April 10, 1908.)

1. COURTS—MUNICIPAL COURTS—APPEAL—DEFAULT JUDGMENT.

A default judgment is not appealable.

2. BILLS AND NOTES—NOTE PAYABLE TO MAKER—INDORSEMENT—"NEGOTIABLE NOTE."

Under Negotiable Instrument Law, Laws 1897, p. 755, c. 612, § 320, providing that a "negotiable note" is an unconditional written promise by one to another, signed by the maker, to pay to order or bearer, and that where a note is drawn to the maker's order it is not complete till indorsed by him, the complaint in an action on a note payable to the maker must allege its indorsement by him.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 5, pp. 4770, 4771.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Eli Edelman against Abraham Rams. From an order overruling a demurrer to the complaint, and from a default judgment for plaintiff, defendant appeals. Appeal from judgment dismissed. Order reversed.

Argued before GILDERSLEEVE, P. J., and SEABURY and DAYTON, JJ.

Michael Kaufman, for appellant.

Charles E. Rosenberg, for respondent.

GILDERSLEEVE, P. J. The summons in this action was returnable on January 3, 1908, at which time the defendant demurred to the complaint, upon the ground that it failed to state facts sufficient to constitute a cause of action. An order overruling such demurrer was entered, and also a judgment to the same effect; the defendant having leave to answer on or before January 4th, and the case set down for trial, if answer was filed, on January 6, 1908. It appears by the record that on January 7, 1908, a judgment by default was entered against the defendant. Why judgment was so taken on that day, the trial having been set down for the 6th, does not appear. On January 3, 1908, the plaintiff appealed from the interlocutory judgment overruling his demurrer. On January 8, 1908, the defendant made a motion to open his default, which motion was granted, upon compliance with certain conditions therein imposed. On January 18, 1908, the defendant appealed from the judgment entered against him on January 7th, and also by the same notice of appeal from the interlocutory judgment entered on January 3, 1908.

The judgment appealed from, entered on January 7, 1908, being a judgment taken by default, is not appealable, and the appeal therefrom must be dismissed. Brown v. Bouse, 43 Misc. Rep. 72, 86 N. Y. Supp. 240.

The appeal from the interlocutory judgment rendered on January 3, 1908, is well founded, and that judgment must be reversed. The plaintiff's cause of action rests upon a promissory note made by the defendant and payable to the "order of myself." Although the complaint alleged the making and delivery for value of the note to the plaintiff, and that the plaintiff was the lawful holder and owner of the note, and its presentation and demand for and refusal of payment, it contained no allegation that said note was ever indorsed by the defendant, its maker. The negotiable instrument law of the state (Laws 1897, p. 755, c. 612) repealed all prior statutes regarding bills and notes, and provides by section 320 thereof as follows:

"A negotiable promissory note within the meaning of this act is an unconditional promise in writing made by one person to another signed by the maker engaging to pay on demand or at a fixed or determinable future time, a sum certain in money to order or to bearer. Where a note is drawn to the maker's own order, it is not complete until indorsed by him."

The note, unless indorsed by the defendant, was therefore incomplete, and the failure of the complaint to allege such indorsement rendered it demurrable. Odell v. Clyde, 23 Misc. Rep. 734, 53 N. Y. Supp. 61, 62.

109 N.Y.S.—52

Appeal from judgment of January 7, 1908, dismissed, with $10 costs. Interlocutory judgment of January 3, 1908, **reversed, and** demurrer sustained, with costs, with leave to the plaintiff to amend the complaint within five days upon payment of said costs. Costs of one party to be offset against those allowed the other. All concur.