### HELLERMAN v. SCHANTZ et al.

(Supreme Court, Appellate Term. November 24, 1908.)

BILLS AND NOTES (§ 209*)—ACTIONS—TRANSFER AND OWNERSHIP.

   Where a check was not indorsed by the payee, it was not negotiable, and an action thereon by a transferee could not be maintained.

   [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 423, 497; Dec. Dig. § 209.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Jacob Hellerman against Harry Schantz and another. Judgment for plaintiff, and defendants appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Fannie Horovitz, for appellants.

Charles H. Smith, for respondent.

PER CURIAM. The pleadings are oral. The complaint is "action on a check," and the answer is "general denial and demand bill." A bill of particulars was given, which reads as follows:

The above action is brought to recover the sum of $56.60, with interest from May 16, 1908, due on a check given to plaintiff by Harry Schantz, etc., one of the defendants, and originally made by Sam Goldman. The following is a copy of the check in question:

"No. ———.                                          New York, May 16, 1908.

"The Corn Exchange Bank.
"Eleventh Ward Branch.                                       Payable through
                                                    New York Clearing House.

"Pay to H. Schantz or order Fifty-Six 60/100 Dollars.
"$56.60/100.                                            S. Goldman No. 2."
"Dated New York, June 12, 1908.
        "Yours, etc.,           Michael Rosenbloom, Attorney for Plaintiff.
"O. & P. O. Address:  87 Suffolk St., N. Y. City."

This check was never indorsed by the payee, and therefore never became negotiable. Edelman v. Rams (Sup.) 109 N. Y. Supp. 816. On the trial no effort was made to amend the complaint, but plaintiff sought to show that the check was given as earnest money to bind a contract for the sale of a store, and that defendant refused to complete the bargain on the ground of misrepresentations. Be this as it may, the action was brought on the check itself, which, as we have seen, was never indorsed by the payee.

The judgment should be reversed.

Judgment reversed, and new trial ordered with costs to appellants to abide the event.