MILBANK-SCAMPTON MILLING COMPANY, Respondent, v. PRICE PACKWOOD AND ROSE PACKWOOD, Appellants.

Kansas City Court of Appeals, January 16, 1911.

1. **BILLS AND NOTES: Pleadings: Allegation of Ownership.** Where plaintiff's petition alleged that M and S (co-partners) assigned by endorsement in writing and delivered a note to plaintiff, and where the note in suit was payable to bearer, the allegation in the petition was not a statement of the evidences of the facts but was a statement of the facts themselves. An allegation in terms that the plaintiff is the owner or holder is not necessary.

2. ———: **Transfer by Surviving Partner.** Where, one of two partners is dead, there being no debts and no administrator, the surviving partner has full authority to transfer a note originally made payable to a co-partnership. If, however, the

administrator of the deceased partner joins in the assignment, his assignment, although unauthorized, will not render the act of the surviving partner nugatory.

3. **EVIDENCE: Value: Expert Testimony.** Where a witness was allowed to give testimony as to the value of a stock of goods, the purchase price of which was credited on the note in suit, without the witness having first qualified as an expert, the error in the admission of his testimony is immaterial, where the issue was not whether or not a proper credit had been given, but whether the property had been surrendered in payment of the note.

Appeal from Randolph Circuit Court.—*Hon. Alex. H. Waller*, Judge.

AFFIRMED.

*E. O. Doyle* for appellants.

*J. W. Wight, Jr.*, and *Willard P. Cave* for respondent.

BROADDUS, P. J.—This is a suit on a promissory note executed by defendants and payable to Milbank and Scampton, a co-partnership, composed of J. F. Milbank and W. D. Scampton. The note was secured by a mortgage on some store fixtures and a bakery stock. By agreement the makers turned over the mortgaged property to the plaintiff to be sold at private sale, the proceeds of the sale to be applied as payment on the note. The property sold for fifty dollars, which amount was applied as a credit on the note.

One of the partners, John T. Milbank, died and the partnership property was merged into a corporation, styled the Milbank-Scampton Milling Company, the incorporators of which were the heirs-at-law of the deceased partner. As the partnership owed no debts there was no administrator and Scampton, the surviving partner, asigned the note to the corporation. J. W. Wight, the attorney who represented Milbank

and Scampton when the bakery stock was sold, testified to its value at the time of the sale over the objections of defendant on the ground that he had not qualified as an expert on values. The court overruled the objection. After so testifying he was asked if proper efforts were made to get a good price for it. A. "Yes, sir, and it was some time before we could get anybody who would buy at any price."

On the back of the note is the following endorsement: "November 10, 1900, paid fifty dollars, for value received I hereby assign this note to the Milbank-Scampton Milling Company, or order without recourse. J. T. Milbank, administrator of the estate. For value received I assign the within note to Milbank-Scampton Milling Company, or order without recourse. W. D. Scampton."

The petition after proper allegations as to its corporative existence, a description of the note and to whom payable, alleges its transfer in the following language. Plaintiff says that said Milbank and Scampton assigned by endorsement in writing and delivered said note to plaintiff. The answer was a general denial of "each and every allegation in said petition, except the execution and delivery of the note" etc., and a plea of payment.

Defendant's testimony tended to show that at the time that the mortgaged property was turned over to the mortgagee it was the agreement that the property was taken in satisfaction of the note.

The defendant objected to the introduction of any evidence for the reason that the petition did not state a cause of action. First; because it did not allege that the note expressed to be for value received. Second; it failed to allege that plaintiff is the owner or holder of the note. The objection was overruled. This action of the court is assigned as error. It is further insisted that the court erred in permitting Scampton

to testify that all the assets, including the note were "taken over" by the Milbank-Scampton Milling Company; that it erred in permitting J. W. Wight to testify as to the value of the bakery stock when it was sold; and that the court erred in giving instruction one for plaintiff. The judgment was for plaintiff and defendants appealed.

The petition alleges that the note expresses a consideration for value received which would be sufficient if required, whether the note contains a recitation to that effect or not. The note, however, does so recite. It is not alleged in terms that the plaintiff is the owner of the note, instead it is stated, that it was assigned by the payees by endorsement in writing and delivered to plaintiff. Defendants contend that the allegation should be that the plaintiff was the owner, and that the facts stated are only evidences of ownership and therefore insufficient. Spears v. Bond, 79 Mo. 467, is relied on to support this position. The suit in that case was upon an obligation to pay to the bearer and as there was no allegation that plaintiff was such, for which reason the court held that the petition was fatally defective. The court quotes with approval Mechanics Bank v. Straiton, 3 Abb. N. Y. App. 269, that: "The engagement is to pay to bearer, and that plaintiff is such is one of the material elements of his cause of action. The fact must therefore be stated in his complaint, and its statement will be a sufficient allegation of his title; for it is the fact and not the evidence of the fact which is required to be pleaded."

As the note in suit was payable to order it was necessary to state that it was endorsed by the payee and delivered to the plaintiff, and the allegation that such was the case was the only way that it could be alleged, and was not a statement of the evidences of the facts but a statement of the facts themselves.

We believe there was ample proof that Milbank

and Scampton duly assigned and delivered the note to plaintiff. Milbank being dead, Scampton, the surviving partner, had full authority to transfer the note, there being no debts and no administrator. [Barnes v. Stanley, 95 Mo. App. 688; American Hardwood Lumber Co. v. Nickey, 101 Mo. App. 20; Crook v. Tull, 111 Mo. 283; Goodson Adm'x v. Goodson, 140 Mo. 206.] And the fact that the administrator of Milbank also joined in the assignment, although unauthorized, did not render the act of the surviving partner nugatory. As the heirs of Milbank bought and paid for the note there was no necessity for his administrator to join in the assignment.

It was error to admit the testimony of Wight as to the value of the bakery stock at the time it was sold to satisfy the mortgage, as he had not qualified as an expert, but we do not think the cause should be reversed for that reason alone, as it was shown that no one could be induced to buy at a greater price.

Under the plea of payment defendants introduced evidence that it was agreed by them and the holder of the note that they should turn over to such holder, the mortgaged property as payment of the debt and that it was so turned over upon such agreement. Incidentally defendants in support of this agreement introduced evidence tending to show that the value of the property greatly exceeded the amount of the note. The defendants only tendered one issue, by way of instruction to the jury, which was given by the court, which was to the effect that, if the jury found from the evidence that the mortgaged property turned over to plaintiff was in payment of the note the finding should be for them.

It will thus be seen there was no issue raised for a finding by the jury as to whether or not a proper credit had been given on the note. The question was not whether the note was entitled to a greater or less

credit, but whether the property had been surrendered as payment therefor. For this reason the error in the admission of the testimony of said Wight as to the value of the goods at the time of the sale was immaterial as there was no such issue submitted to the jury.

Instruction 1 given for plaintiff to which defendants except is to the effect that the burden was on defendants to prove that the note was paid and unless the jury so found the verdict should be for the plaintiff. This was the only disputed issue in the case. The only other issue was as to the transfer of the note to the plaintiff and as that was shown by the uncontradicted evidence on both sides it was no longer a question for the jury.

Affirmed. All concur.