## BILBO et al. v. SULLIVAN.

No. 17117—Opinion Filed May 4, 1926.

(Syllabus.)

1. **Appeal and Error—Necessity for Exceptions in Trial Court.**

In all cases appealed to this court, it is necessary to save proper and necessary exceptions in the trial court to the alleged errors sought to be reviewed, and where the record shows that no such exceptions were saved, nothing is presented for review, and the appeal will be dismissed.

2. **Appeal and Error—Dismissal—Frivolous Appeals.**

Where, upon examination of the record, petition in error, and motion to dismiss, it appears that the appeal is manifestly frivolous and without merit, the same will be dismissed.

Appeal from County Court, Marshall County; Isaac O. Lewis, Judge.

Action between M. M. Sullivan and George W. Bilbo et al. From the judgment, the latter appeal. Appeal dismissed.

McClendon & Hatcher and A. A. Kelley, for plaintiffs in error.

Don Welch, for defendant in error.

HUNT, J. This is an appeal from the county court of Marshall county from a judgment rendered on July 7, 1925. Motion for new trial was filed on July 9, 1925, and there is a recitation in the case-made to the effect that same was overruled on the—— day of July, 1925, but the order of the court overruling the motion for new trial is omitted from the case-made and the case-made fails to show any entry on the journal of the trial court overruling said motion for new trial or that any exceptions were saved thereto. For this, and other reasons, defendant in error, on February 11, 1926, filed motion to dismiss this appeal. On February 18, 1926, plaintiffs in error filed application for additional time to file answer to said motion to dismiss, but up to this time have failed to file any answer.

Senate Bill No. 68, Session Laws of Oklahoma 1923, page 48, is as follows:

"Section 1. That in no case whatsoever, hereafter instituted, or now pending and not finally determined, in the Supreme Court of this state, shall it be necessary for the plaintiff in error, or appellant, in the petition in error on appeal, to allege, in terms, that the trial court erred in refusing to grant such plaintiff in error, or appellant, a new trial, and in overruling the same, in order that the court may consider and pass on the errors of law alleged to have occurred at the trial; but in all such cases, when proper and necessary exceptions are saved in the trial court, where it appears from the allegations of the petition in error that such plaintiff in error, or appellant, seeks to have the Supreme Court review and determine alleged errors of law occurring at the trial, it shall be the duty of the Supreme Court to treat and consider all such errors, necessary to a decision, including error in overruling the motion for a new trial, as sufficiently raised and presented, to all intents and purposes as though the ruling of the motion for a new trial had been specifically assigned."

It will be seen that, while it is no longer

necessary to allege the overruling of the motion for new trial as error in order to have alleged errors occurring at the trial reviewed by this court, it is necessary in all such cases to save proper and necessary exceptions in the trial court to any alleged errors sought to be reviewed on appeal.

A careful examination of the record in this case discloses that not to exceed five or six exceptions were saved in the trial court by plaintiffs in error, these being on the admission or rejection of evidence, and if error, same was harmless, and in no way prejudicial to the rights of plaintiffs in error. No exceptions were saved to the instructions of the court; to the verdict of the jury or the judgment rendered thereon, or to the overruling of the motion for new trial, so far as the record shows. In all cases appealed to this court, it is necessary to save proper and necessary exceptions in the trial court to the alleged errors sought to be reviewed, and where the record shows that no such exceptions were saved, nothing is presented for review. The record, therefore, presents nothing for this court to review, and this appeal will have to be dismissed.

It is further contended in the motion to dismiss that this appeal is frivolous, and a thorough examination of the entire record convinces us that this contention is correct. The verdict of the jury is abundantly supported by the evidence, and no prejudicial error is alleged nor appears in the record.

In Conservative Loan Co. v. Saulsbury et al., 75 Okla. 194, 182 Pac. 685, we find this language:

"An appellate court has the inherent power to dismiss an appeal where, upon an examination of the record, the petition, the answer, and the motion to dismiss, it appears the appeal is manifestly and palpably frivolous and without merit. This power is necessary in order to prevent the court from being imposed upon, and the administration of justice being trifled with and perverted for mere purpose of delay."

Also in Simmon v. Young, 77 Okla. 203, 186 Pac. 941, it was held:

"Where upon examination of the record, petition in error, and motion to dismiss, it appears that the appeal is manifestly frivolous and without merit, the same will be dismissed."

See, also, Buell v. Supply Co., 76 Okla. 174, 184 Pac. 572; Bulgin v. Law Book Co., 77 Okla. 112, 186 Pac. 941; Miller v. Commission Co., 77 Okla. 119, 187 Pac. 213;

Richards v. Claxton, 79 Okla. 133, 192 Pac. 199.

From an examination of the entire record, it clearly appears that no other judgment could have been rendered, and that the appeal herein is not properly presented, and is wholly without merit, and frivolous, and the same will therefore be dismissed.

BRANSON, V. C. J., and MASON, LESTER, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 3 C. J. p. 689 § 580; 4 C. J. p. 568 § 2380; 2 R. C. L. p. 139. (2) 4 C. J. p. 574 § 2382.