## PHILLIPS v. OPPENHEIM.

No. 18102. Opinion Filed May 17, 1927.

(Syllabus.)

**Bills and Notes—Action by Payee of Note—Sufficiency of Petition.**

In a suit by the payee in a promissory note against the maker thereof, a petition alleging that defendant made, executed, and delivered the note to plaintiff, that same is past due and unpaid and that copy of the note sued on showing no indorsement on same is attached to the petition, is good as against a general demurrer, and it is not necessary to allege ownership and possession of the note or to attach the original note to the petition.

Error from District Court, Oklahoma County; Sam Hooker, Judge.

Action by Leo Oppenheim against Ethel A. Phillips. Judgment for plaintiff, and defendant brings error. Affirmed.

J. S. Harris, Jas. R. Armstrong, and John Barry, for plaintiff in error.

Twyford & Smith, for defendant in error.

HUNT, J. This is an appeal from the district court of Oklahoma county. The parties will be referred to as they appeared in the court below, inverse to their order here. Plaintiff Oppenheim commenced this action by filing his petition for judgment against the defendant Phillips on six promissory notes and foreclosure of mortgage on real estate given to secure the same. The petition sets out separate causes of action on each of the six notes, alleging they were made, executed, and delivered to plaintiff by defendant and that they are past due and unpaid, and copies of each of said notes, showing plaintiff as payee and defendant as maker, are attached to the petition. Defendant filed a general demurrer to the petition, which was by the court overruled, and defendant elected to stand on the demurrer and refused to plead further; whereupon judgment was rendered for the plaintiff as prayed for. From this judgment, defendant prosecutes this appeal.

The sole and only assignment of error is:

"Error of the court in overruling the demurrer of the plaintiff in error to the petition of the defendant in error"

—defendant's only contention being that. in the absence of averment of ownership and possession, the petition is fatally defective unless the original note is attached to the petition. After the filing of defendant's brief herein plaintiff filed motion to dismiss on the ground that it affirmatively appears on the face of the brief filed by plaintiff in error that this appeal is frivolous and for the purpose of delay only, citing Bilbo v. Sullivan, 114 Okla. 239. 246 Pac. 451. The writer is the author of that opinion, and felt then as now that where it clearly appears that an appeal is taken for the purpose of delay only, this court should not hesitate to dis-

miss the same and thus discourage as far as possible the filing of frivolous appeals. Upon authority of that case we would probably be justified in dismissing the appeal in the instant case, though the two cases are not exactly in point. For that reason and inasmuch as plaintiff in error herein has filed her brief, we prefer to dispose of this case on the merits, and have therefore denied the motion to dismiss and will consider this case on plaintiff in error's brief and authorities cited by defendant in error in his motion to dismiss. The cases cited by plaintiff in error, to wit, Jefferson County Savings Bank v. Interstate Savings Bank (Ala. App.) 59 South. 384; Digan v. Mandel, 167 Ind. 586, 79 N. E. 899, 119 Am. St. Rep. 515; Milbank-Scampton Milling Co. v. Packwood, 154 Mo. App. 204, 133 S. W. 667; Simon v. Mintz, 101 N. Y. S. 86, 51 Misc. Rep. 670; Edelman v. Rams 109 N. Y. S. 816, 58 Misc. Rep. 561, are not in point here, because in each of them the action was by a party other than the original payee; it being stated in Digan v. Mandel, 167 Ind. 586, 79 N. E. 899, 119 Am. St. Rep. 515, as follows:

"If the plaintiff in an action on a note is not the payee therein named, he must allege facts showing his title or right to maintain the action."

Also in Milbank-Scampton Milling Co. v. Packwood, supra, it was said:

"A petition on a note payable to order must state that it was endorsed by the payee and delivered to the plaintiff."

And in Simon v. Mintz, supra, and Edelman v. Rams, supra, quoting from plaintiff in error's brief, we find:

"Under Negotiable Instruments Law, sec. 320, Laws 1897, p. 755, c. 612, providing that, where a note is drawn to the maker's own order, it is not complete until indorsed by him, a complaint on such a note failing to allege the maker's indorsement was fatally defective."

In the instant case the plaintiff was payee in each of the notes sued on and the mortgagee in the mortgage which was attached to the petition and sought to be foreclosed. It is therefore clearly apparent that the cases above referred to, which are all the cases cited by plaintiff in error, do not support plaintiff in error's contention herein.

In Western & Southern Fire Ins. Co. v. Murphey, 56 Okla. 702, 156 Pac. 885, this court held:

"It is first urged that the demurrer should have been sustained to the petition, because the same does not allege that the notes were delivered to the plaintiff; and under the same assignment of error it is argued that the petition fails to allege that the plaintiff is the owner and holder of the notes. The plaintiff is payee in these notes. The petition recites the execution of the notes, that the amount thereof is due to the plaintiff, and a default in the payment thereof. From these facts ownership is presumed in the plaintiff, and an allegation that they were delivered or that he is still the owner and holder is not necessary. Independent of this, the answer admits that the notes were executed and delivered to the plaintiff."

Likewise in the instant case, for purposes of the demurrer, it is admitted that the allegations of the petition that the notes were executed and delivered to plaintiff by the defendant; that the same were past due and unpaid; and that the copies of same attached to the petition, which copies bear no indorsement, were true and correct copies of the original, are all true.

In the early case of Berry v. Barton, 12 Okla. 221, 71 Pac. 1074, it was held:

"When a party executes a note payable to a person named therein or to his order, and then fails to pay the same at maturity, and the payee files his petition reciting the execution of the note by the maker to the plaintiff, for a valuable consideration, and the fact that defendant has defaulted, ownership is presumed in the plaintiff, from the facts pleaded; and it is not absolutely necessary for him to formally allege that he is still the owner and holder of such note; and an answer which denies that such plaintiff and payee is the owner and holder of such note sued on, and alleges that he is not the real party in interest, states no defense, and the plaintiff is entitled to judgment on the pleadings."

Other authorities might be cited, but we deem it unnecessary, as these cases are clearly in point and decisive of the issues here presented. Finding no error, the judgment of the trial court must be affirmed, and it is so ordered.

MASON, V. C. J., and HARRISON, PHELPS, LESTER, CLARK, RILEY, and HEFNER, JJ., concur.

BRANSON, C. J., absent and not participating.

Note.—See 8 C. J. p. 886, §1159; p. 891, §1165.