IN MATTER OF HARR & HARR, JOHN C. HARR, ADMINISTRATOR, RESPONDENT, v. VEVA HARR HAWKINS ET AL., APPELLANTS.

Kansas City Court of Appeals. November 11, 1929.

*Llewellyn & Brown* for respondent.

*Charles Hiller* and *T. L. Montgomery* for appellants.

BOYER, C.—This case arose in the Probate Court of Clark County on exceptions to the final settlement filed by John C. Harr, Administrator of the partnership estate of Harr & Harr. The partnership was composed of Elizabeth J. Harr and F. M. Harr, her son. It was formed early in the year 1922 or shortly prior to that time, for the limited purpose of buying and feeding livestock. F. M. Harr died testate December 31, 1922, a resident of Clark county, Missouri; his mother, and co-partner, died intestate February 8, 1923, a resident of Van Buren county, Iowa.

John C. Harr, respondent herein, and a resident of Clark county, Missouri, was appointed her administrator by the district court of Van Buren county, Iowa, on the 21st day of February 1923, and the same John C. Harr was appointed administrator of the partnership estate of Harr & Harr by the Probate Court of Clark County, Missouri, on the 2nd day of March, 1923, duly qualified, and notice of granting of said letters of administration was duly published in March and April, 1923. John C. Harr was not a member of the partnership.

Veva Harr, now intermarried with Hawkins, and one of the appellants herein, was the widow of F. M. Harr, and was appointed executrix of his estate by the Probate Court of Clark County, Missouri. She qualified and is still acting as such executrix. She renounced the provisions of the will of her late husband and elected to take under the law. On November 14, 1927, letters of administration were granted to one T. J. Daggs as ancillary administrator of the estate of Elizabeth J. Harr in Clark county, Missouri.

John C. Harr, administrator of the partnership estate of Harr & Harr, filed his final settlement November 16, 1927, in which he claimed credit for various items, among which were the following claimed disbursements for the year 1927:

Nov. 16.  By amount paid T. J. Daggs, Anc. Admr.,
estate of L. J. Harr, Dec'd established debt
due surviving partner by partnership ......$2390.34

Nov. 16.  By amt. paid T. J. Daggs, Admr., etc., interest on above debt at 6% from Aug. 12,
1924. .................................... 466.50

Nov. 16.  By amt. paid Jno. C. Harr, Admr., 3% on
disbursements as per Sec. 220, R. S. Mo.,
1919. .................................... 90.72

This settlement shows the total amount of receipts or charges to be $4162.84, total credits claimed, $3114.66, and a balance on hand of $1048.18. On the same day the settlement was filed, Veva H. Hawkins, as executrix of the estate of F. M. Harr, filed objections to the demand for credit of the above items and based her objections on these grounds:

"1.  Because said demands were never at any time allowed against said estate as the law requires.

"2.  Because said demands were never presented to the administrator of said estate within one year from the date of the granting letters of administration in said estate and never has been allowed in said estate and are barred by the one year Statute of Limitations, Sections 182 and 186, Revised Statutes 1919.

"3.  Because said demands were placed in said settlement by the fraudulent act and conduct of the administrator of said estate and without authority of law.

"4.  Because on application for an allowance of said demand by the administrator, John C. Harr, was at the August term of the Circuit Court, 1927, Clark County, Missouri, tried and determined by said court on appeal from this court, and decided adversely to the petitioner and his petition was dismissed and your objectors say the action of said court is *res adjudicata* and these demands and items herein objected to have no place in said settlement. That said ad-

judication is final and conclusive and the rights of the parties were fully determined therein by a court having jurisdiction of the subject-matter and the parties thereto, and the administrator is estopped from putting these demands in his settlement."

The objections of the other appellants do not appear in the record, although it was agreed by the parties that all objectors are creditors of the F. M. Harr estate and were allowed demands against the same.

The administrator filed his motion to dismiss the objections and to approve his final settlement and as grounds for said motion set forth the following:

"1. Objectors are not proper parties as neither heirs nor creditors of the Harr & Harr estate.

"2. The payment of the claim contested shows on its face to have been repayment to the L. J. Harr estate of an advancement made by L. J. Harr the surviving partner to the partnership.

"3. The repayment of an advancement made by a partner also survivor to the partnership is specifically authorized by the law of Missouri without the formality of presentment and allowance, and as such is not barred by the Statute of Limitations.

"4. The records show that all debts due third parties by the partnership were paid, and the estate shows on its face that it is solvent."

The parties being thus arrayed and the issue made, the matter came on for hearing before the probate court, at the conclusion of which said court sustained the objections and struck out of said settlement the item of $2390.34 and the item of $466.50, and $85.70 of the commission item, and allowed commission in the sum of only $5.02. The probate court then further found the amount in the hands of the administrator for distribution to be the sum of $3990.72, and approved said settlement as so amended by the court. From this finding and order of the probate court, John C. Harr, the partnership administrator, duly appealed to the Circuit Court of Clark County and on his application a change of venue was awarded, and the case sent to the Circuit Court of Adair County, where trial was had. At the conclusion of the trial in the circuit court, the action of said court is indicated by what is called in the record a decree. This "decree" contains certain findings of fact and to the effect that the partnership estate of Harr & Harr was and is solvent and that all claims due third parties against the same have been paid, leaving a balance for distribution between the former partners of their legal representatives; that the item of $2390.34 for which the administrator asked credit and to which objectors excepted, was money advanced as capital to the partnership by Elizabeth J. Harr, and the partnership agreement provided that said capital so advanced should be repaid to her and only the profits divided between the partners;

that there remained in the estate sufficient money to repay said capital advancement and to leave a balance for distribution; that the estate of the said L. J. Harr is entitled to have said capital advancement repaid to her; *and that it is not necessary that formal demand should have been presented to the partnership administrator and allowed by the probate court, but that said repayment and distribution may be made in the final settlement and distribution of the partnership estate.* The court further found that the administrator was entitled to allowance of the item of $90.72 claimed as commission, and was not entitled to allowance of the item of $466.50 claimed as interest due on the advancement. The court further found the amount of the balance due based on its finding, rendered judgment accordingly and further ordered a distribution of the balance between the legal representatives of F. M. Harr and Elizabeth J. Harr, and certified said judgment to the Probate Court of Clark County. The objectors duly appealed to this court from said judgment.

From the stipulation of the parties and the evidence in the case, it appears among other things, "that there is no record on the records of the Probate Court of Clark County, Missouri, of either the filing or the allowance of the demand for said $2390.34 or $466.50 against said estate;" that all objectors are creditors of the F. M. Harr estate which is still in process of administration, and that their demands have been allowed. The evidence shows that Lizzie J. Harr owned lands in Clark county, Missouri, which were occupied by her son, F. M. Harr, and that in the year 1922 or shortly prior to that year they entered into an agreement in the nature of a limited partnership for the purpose of buying and feeding cattle, and in which said enterprise they were to share the profits. In pursuance of this agreement, early in February, 1922, Lizzie J. Harr paid $2301.78 for cattle purchased for the partnership, and also paid $88.56 for freight thereon, being a total of $2390.34. This was an advancement for the benefit of the partnership and was to be repaid before any division of partnership funds or profits between the parties. At the decease of both partners the cattle were still on hand, and passed to the possession of John C. Harr, administrator of the partnership estate, and were inventoried by him and charged in his reports at the sum and value of $2650. The partnership estate is solvent and has more than sufficient assets with which to pay all demands, including the claim for the advancement to the partnership. The probate court in passing upon the final settlement did not make an order of distribution, but merely found the balance due the estate according to the judgment of said court. On June 18, 1927, John C. Hass presented an application to the probate court for an order *nunc pro tunc,* respecting the allowance of the advancement item.

Appellants here opposed said proceeding. The probate court allowed said application and on appeal from its order the circuit court disallowed the application, which judgment became final.

## OPINION.

Appellants contend that the proceeding on the application for *nunc pro tunc* order is *res adjudicata* against the claim of the administrator in this case for the credit demanded. The facts in the record do not bear out the contention of appellants on this point. The matter submitted to the probate court in that proceeding was merely the question as to whether an order *nunc pro tunc* was justified under the facts and circumstances presented to it. The question of the allowance to the administrator of the item now claimed by him was not presented to or passed upon by the court in that proceeding and it is too evident for argument that the judgment in that proceeding has nothing to do with this case.

The principal assignment is that the trial court erred in allowing the administrator credit for the item representing the advancement, because said claim or demand had never been exhibited to the proper court for allowance and classification and had never been allowed by the probate court and is barred by limitation.

The question which we have to answer in disposing of this case is this. Has an administrator of a partnership estate, who was not a member of the partnership, power to allow and pay, and is he entitled to credit for the payment of an advancement made to the partnership by one of the partners without said demand having been formally presented and allowed by the probate court within the time prescribed by law for the allowance of demands against estates in process of administration? Or put the question another way. Has the administrator in this case the same rights and powers as a surviving partner, who administers upon partnership effects, to pay demands against the partnership?

Counsel in their briefs have not furnished us with the citation of any case or authority in which this question has been considered or decided, and we have found no case in which our appellate courts have passed upon it. Appellants rely upon the statutes applicable to the administration of partnership estates and in particular Sections 88, 89 and 91, Revised Statutes 1919, as well as upon Sections 182 to 186, inclusive, and Section 221, Revised Statutes 1919, applicable to the allowance and classification of demands and final settlements in the administration of estates generally, to support the contention that the demand in this case should have been presented, and allowed by the probate court within one year after the commencement of the administration, before the administrator would be authorized to pay same and take credit therefor. Respondent admits that there

was no presentation of any claim to the partnership administrator or to the probate court for allowance at any time before final settlement, and states his position in these words: "That the administrator of this partnership estate had every right to repay the advancement made by the surviving partner, and this at any time up to and including the final settlement of the partnership estate without the necessity of any formal presentment of the claim for payment on the part of the surviving partner or his or her estate."

We think that appellants are right in the contention that under the facts in this case, where a stranger to the partnership is appointed and qualifies as administrator thereof, that all demands shall be exhibited to the administrator and to the proper court for allowance and classification within the time required by law, and unless said demands are so exhibited and allowed the administrator is not entitled to pay them or take credit therefor. It must be borne in mind that this is not a case where a surviving partner is administering, nor is it a case where the executor or administrator of a deceased partner takes charge of and administers partnership effects. A stranger to the partnership is the administrator in this case.

Section 88, Revised Statutes 1919, provides *inter alia*, "That in all cases where the surviving partner administers upon the partnership effects, he shall have power, if he knows the assets of the partnership to be sufficient to discharge all the partnership debts, to pay off demands against the partnership without requiring the same to be exhibited for allowance to the court, and such court shall allow such partner in his settlements, as credits, all demands which he may thus discharge, if it shall be satisfied with the justness of the demands." This provision is a grant of power to a particular individual, *a surviving partner who administers.* It is evident that the lawmakers never intended to confer such right or power upon any other person or that such power should be transmitted from a surviving partner to any other person, who may become administrator of partnership effects. Where there is express mention there is implied exclusion. *Expressio unius est exclusio alterius.* This maxim applies and any other interpretation would be contrary to the plain meaning of the statute. [State ex inf. v. Sweaney, 270 Mo. 692.]

Section 88 of the same statute further provides: "And in all cases where the executor or administrator of the deceased partner takes charge of the partnership effects, such demands shall be exhibited to the proper court for allowance and classification, and they shall then be paid in the same manner, and the court shall have the same jurisdiction of demands thus presented as it has in demands against estates in ordinary cases of administration." We thus see that the power granted to a partner who administers to pay off demands is expressly denied to the administrator of a deceased partner who

administers a partnership estate. This is further evidence of the legislative intent to render exclusive the power granted to a partner-administrator. If the administrator of a deceased partner is not to succeed to the power of a partner who administers, to pass upon and practically adjudicate claims against the partnership estate, then for much stronger reasons no third person outside the partnership should succeed to any such power.

Section 89 of the same statute provides that, "All demands presented for allowance or demands against partnership effects, or exhibited for allowance in the manner pointed out for the exhibition of demands against the estates of deceased partners, shall be presented within one year after the filing of the bond by the surviving partner, or by the executor or administrator of the deceased partner, for the partnership effects, or shall be forever barred against the partnership effects administered." And by section 91 of the same statute, the general law of administration is made applicable in these words: "The administration upon partnership effects, whether by the surviving partner or executor or administrator of the deceased partner, shall in all respects conform to administrations in ordinary cases, except as otherwise herein provided; and the person administering upon partnership effects, and his securities on his official bond, shall perform the same functions and duties, be governed by the same limitations, restrictions and provisions, be subject to the same penalties, liabilities and actions, as other administrators and their sureties."

The above provisions have, in effect, been incorporated in the scheme of administration of partnership estates for fifty years, and all changes or amendments thereto, as well as adjudicated cases upon different phases of partnership administration, have had the tendency to recognize the similarity of administration in partnership estates to the administration in ordinary cases, in all respects except where a partner is the administrator. In commenting upon this section of the statute, which was then Section 67, Revised Statutes 1899, Judge BARCLAY in the case of Barnes v. Stanley, 95 Mo. App. 693, observes:

"Under section 67 (R. S. 1899), the administration of partnership estates is assimilated to administration in ordinary cases except as provided in the particular enactments concerning those estates. It seems to us that where the surviving partner, and those entitled to administer upon the individual estate of the deceased partner, decline to take charge of the partnership estate, the probate court may proceed to appoint some other eligible person to discharge the trust, following the analogy furnished by the law of administration in ordinary cases."

This observation was made in disposing of the contention of a party, who challenged the appointment of a party to the suit as administrator of a partnership estate, on the ground that there was no authority of law for the appointment of anyone in place of the surviving partner, save the administrator or executor of an individual partner's estate.

An instructive history of the Missouri statute giving jurisdiction to probate courts over partnership estates and the evolution of the various sections of said statute will be found in 1 Woerner, American Law of Administration (3 Ed.), section 129. The tendency to prescribe and limit the power and authority of a surviving partner and to assimilate to a large degree partnership administration to the administration in ordinary cases is made apparent.

Respondent cites and relies upon the case of Denny v. Turner, 2 Mo. App. 52. In this case the promise of the surviving partners administering, to pay a demand was held sufficient to stay the statutory limitation so as to enable a creditor to obtain the allowance against the administrator who succeeded them, *if presented within the limited period of two years, after the removal of the surviving partners,* and in the course of the opinion, l. c. 57, the court observes:

"By dating the 'grant of administration' from the accession of the executor or administrator, and not from the giving of bond by the survivor, we establish a harmony among all the statutory provisions and the adjudications above referred to which would otherwise be unattainable. It follows, from this treatment of the subject, that the plaintiff, having properly rested upon the promises of the surviving partners so long as the partnership fund was at their disposal, was only bound to present his claim for allowance within two years after the grant of administration to the defendant upon the partnership effects."

The only reasonable conclusion to be drawn from this case is that it holds that the claims and demands against a partnership estate, administered by a person other than a partner, must be presented and allowed as in ordinary cases, and within the limit of time required by law. Respondent cites other cases and authorities, none of which in any way apply to the specific question in hand.

In the instant case, it is agreed that John C. Harr was appointed administrator of the partnership, of which he was not a member, on the 2nd day of March, 1923, and duly qualified; that the records of the Probate Court of Clark County, Missouri, contain no record of the filing or allowance of any demand for an advancement to the partnership by Elizabeth J. Harr, one of the partners, or by her administrator; that an administrator of her estate was not ap-

pointed in the State of Missouri until November 14, 1927. The evidence shows that on November 16, 1927, the administrator of the partnership estate paid to the administrator of Elizabeth J. Harr the sum of $2390.34 as principal and $466.50 interest thereon, as a debt due a surviving partner and that the administrator of the partnership estate claims credit for these items in his final settlement filed November 16, 1927.

In view of the statutory method adopted by this State for the administration of partnership estates, as above observed, it is clearly evident that the administrator of the partnership estate in this case had no right or authority to pay such items, and that the probate court was right in rejecting them. The circuit court upon appeal correctly rejected the item of interest claimed, but allowed the administrator credit for the principal sum of the advancement in the sum of $2390.34, and in so doing we think the learned trial judge was clearly in error. The administrator claimed as commission only three per cent on disbursements, apparently claiming as though he were acting as partner-administrator, when in fact this administrator would be entitled to receive full commission of five per cent if he had claimed it.

The rejection of said item of commission, so claimed by the administrator, by the probate court was wrong and the allowance thereof by the circuit court was correct. [Sec. 220, R. S. 1919; Browning v. Richardson, 186 Mo. 361.]

The judgment of the circuit court not only disposes of the question at issue on said appeal, which was merely the right of the administrator to credit for the items claimed in his final settlement, but further ordered a distribution of the estate between the legal representatives of F. M. Harr and Elizabeth J. Harr. This portion of the judgment of the circuit court was an excess of its jurisdiction. The probate court made no order of distribution, but merely ruled and passed upon the items of credit claimed by the administrator, denied same, and found the amount due the estate. The appeal followed and the only matter for disposition upon said appeal was the same matter presented to and passed upon by the probate court, that is adjustment of the final settlement. [Secs. 287, 289, R. S. 1919; Branson v. Branson, 102 Mo. 620; Leahy v. Campbell, 274 Mo. 356.]

There are other assignments, but the conclusion reached disposes of the case and renders their consideration unnecessary. From the foregoing, it follows that the judgment should be reversed and the case remanded with direction to the circuit court to adjust the final settlement of the administrator in accordance with the views expressed in this opinion and certify same to the Probate Court of

16

Clark County. The Commissioner so recommends. *Barnett*, C., concurs.

PER CURIAM:—The foregoing opinion by BOYER, C., is hereby adopted as the opinion of the court. The judgment is reversed and the case remanded with direction to proceed in accordance with the opinion. All concur, except *Trimble, P. J.*, absent.